**Gerald REDMAN, Appellant,**

v.

**Leon WHITNEY, Appellee.**

No. 12458.

Court of Civil Appeals of Texas, Austin.

Sept. 29, 1976.

Rehearing Denied Oct. 20, 1976.

Charles W. Richards, Austin, for appellant.

Thomas S. Goggan, Goggan & Cain, Austin, for appellee.

O'QUINN, Justice.

Leon Whitney, as vendor of the subject realty, brought this action in trespass to try title against Gerald Redman as purchaser, seeking forfeiture of a contract of sale.

The property involved is an apartment dwelling used primarily for rent to students attending the University of Texas. Whitney originally acquired the property late in the 1940's and subsequently sold it in 1965 under contract of sale to Ray Bois and wife, who thereafter assigned the contract to Redman in 1967.

This suit grew out of a dispute in 1975 between Whitney, the vendor, and Redman as purchaser, culminating in action by Whitney to declare a forfeiture of the contract. The cause was tried before the court without a jury resulting in judgment granting the forfeiture, from which Redman appeals.

We will reverse the judgment of the trial court and remand the cause for new trial.

At the trial Whitney claimed that Redman breached the contract of sale in at least one of three ways. Whitney contended that (1) Redman failed to make timely payments of several installments; (2) failed to maintain the premises in the same state of repair existing in February of 1965, rea-

sonable wear and tear excepted; and (3) breached an "oral agreement" to pay off the balance of the contract by June 1, 1975.

In its findings of fact and conclusions of law the trial court found that ". . . (the parties) did enter into an agreement as a result of Defendant's (Redman) breach of the Contract of Purchase and Sale whereby Defendant would pay in full the balance remaining unpaid . . . by June 1, 1975." The court also found that Redman breached the oral agreement by failing to pay the balance of the contract on June 1, 1975.

Appellant Redman attacks the findings by nine points of error. In the main appellant contends that (1) the court erred in finding that Redman had entered into an oral agreement to pay off the contract balance by June 1; (2) that if such an agreement was made it violates the statute of frauds; and (3) the evidence is insufficient to support the trial court's finding that appellant breached the contract of sale. We will sustain appellant's points of error five, six and nine and will remand the cause for new trial.

■ In his suit to declare forfeiture of the contract of sale appellee, as vendor, had the burden of proving that Redman as purchaser was in default under terms of the purchase contract. 59 Tex.Jur.2d *Vendor and Purchaser*, sec. 503 at 54 (1964). Appellee attempted to meet the burden by establishing that the purchaser had (1) made several late payments, (2) failed to maintain properly the premises, and (3) breached an alleged oral modification of the contract to pay off the balance of the contract by June 1, 1975. The trial court, in its findings impliedly found breach of the first two obligations. The court expressly found that an oral agreement to pay off the balance of the note had been made, and that appellant breached the agreement.

■ With respect to the alleged oral agreement, appellee contends that appellant fell behind on his contract obligations to make payments on time and failed to keep the premises in good repair. Because of this breach of the contract appellee insists that he agreed to waive appellant's default (at a time when appellant asserted that no default had occurred) if appellant would pay off the balance of the contract by June 1, 1975. Appellant was unable to secure financing by that date and, in doing so, appellee argues, breached the contract.

■ Contentions that breach of the alleged oral agreement is a valid basis upon which to declare a forfeiture fail for several reasons. The statute of frauds precludes enforcement of a contract for sale of real estate unless the agreement is in writing and signed by the person to be charged with the promise. Tex.Bus. & Comm.Code Ann. art. 26.01 (1968). Parties to a written agreement coming within the statute of frauds may not, by mere parol agreement, alter or change one or more of the terms thereof. *Michael v. Busby*, 139 Tex. 278, 162 S.W.2d 662 (1942); 58 Tex.Jur.2d *Vendor and Purchaser*, sec. 51 at 256 (1964); *Fleming v. Todd*, 42 S.W.2d 123 (Tex.Civ. App. Beaumont 1931, writ dism'd).

The object of the purported agreement was to obtain refinancing of the property by execution of an independent note and deed of trust, thereby creating a lien on the property to secure the purchase price. The modification of the consideration, therefore, is itself within the statute of frauds and required to be in writing to be enforceable. *Schofield v. Pyron*, 257 S.W. 350 (Tex.Civ. App. Dallas 1923, writ ref.); *Epstein v. D. & A. Oppenheimer*, 94 S.W.2d 779 (Tex.Civ. App. San Antonio 1936, writ dism'd).

■ In response to reliance by appellant on the statute of frauds in bar to the modification of the contract, appellee contends the agreement was reduced to writing by letter dated April 11, 1975. The letter was sent by appellant's attorney to appellee's attorney in which the attorney stated:

"It is my understanding that my client, Gerald Redman, is *desirous* of paying the balance due upon the note he owes Mr. Whitney. . . . He is *desirous* of making the payoff by June 1, 1975." (Emphasis supplied)

The letter fails to make a binding commitment to pay off the contract by June 1. Use of the word "desirous" falls short of an "offer" needed to form an agreement to modify the contract. An expression of desire or hope is not of itself an offer which will become a contract on acceptance by the adversary party. 17 C.J.S. Contracts § 46 at 693 (1963); 13 Tex.Jur.2d *Contracts*, sec. 15 at 131 (1960).

Under the sixth point of error, appellant argues the letter of April 11 did not establish an absolute agreement to pay the balance of the contract by June 1, but instead indicated a desire by appellant to *attempt* to pay it off by that date, provided appellant acquired necessary financing. The language of the letter stating, "He is desirous of making the payoff by June 1, 1975," is consistent with the contention that acquisition of financing was condition precedent to payment of the balance on that date.

Redman's agreement to refinance the property clearly was conditioned upon his being able to secure financing. If a promise is made subject to the happening of a condition, no liability can arise on the part of the promisor, and there can be no breach of the contract by him until the condition occurs or is performed. *Burns v. American Nat'l Ins. Co.*, 280 S.W. 762 (Tex.Comm'n App.1926, judgment adopted); 13 Tex. Jur.2d *Contracts*, sec. 280 at 516 (1960). Since appellant was unable to secure necessary financing, the condition never occurred, and, therefore, there was no breach of the agreement. Appellant's sixth point is sustained.

Appellee also urges that appellant breached the contract by failing to make several payments when due, and by failing to keep the premises in proper repair from the time appellee sold it in 1965, reasonable wear and tear excepted. Appellant attacks the trial court's finding in this regard as against the great weight and preponderance of the evidence. The standard of review under this point is:

". . . where the verdict is attacked as being against the great weight and preponderance of the evidence, the court of civil appeals has the duty to examine all the evidence and, if it finds the verdict thus to be clearly unjust, to remand for a new trial, even though the verdict be supported by more than a scintilla of evidence and even though reasonable minds could differ about the conclusion to be drawn from the evidence."[1]

Careful review of the record shows that evidence of any breach of the contract by appellant is meager at best and the judgment based upon it is manifestly unjust. Appellant made two payments late, due to a secretarial error; however, the payments thereafter were made within the thirty-day grace period allowed by the contract. No breach of this portion of the contract occurred.

With respect to claimed failure of appellant to maintain the premises in the same condition of repair, reasonable wear and tear excepted, there is little if any evidence to support the court's finding. The building, approximately thirty years old, has a history of flooding problems. The only evidence of disrepair offered by appellee was "some loose boards" in the carport and some termite damage.

Redman testified extensively as to repairs to and remodeling of the premises during several years prior to trial. Redman's testimony was supported by that of Mrs. Bois, a former purchaser of the premises, who stated that the building was in better condition at the time of trial than when she and her husband purchased it from Whitney in 1965. The only evidence offered by appellee to support the claim that condition of the building had deteriorated consisted of two pictures taken by Whitney the day before trial showing its condition. The only other testimony regarding the building's state of repair was Whitney's general comment that the condition was "worse" than in 1965.

1. Garwood, *The Question of Insufficient Evidence on Appeal*, 30 Tex.L.Rev. 803 (1952); *In*

*Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Forfeitures are not favored in law, and the courts will decline to enforce forfeiture when it is against equity and good conscience. *Surko v. Harrison*, 391 S.W.2d 115 (Tex.Civ.App. Corpus Christi 1965, writ ref. n. r. e.); *Missouri State Life Insurance Company v. Le Fevre*, 10 S.W.2d 267 (Tex. Civ.App. Waco 1928, writ dism'd). We find the evidence clearly insufficient to support the trial court's judgment. We sustain appellant's point of error nine.

Inasmuch as we sustain points five, six, and nine, we do not reach the remaining points.

Judgment of the trial court is reversed, and the cause is remanded for new trial.