Denna SHAW, Appellant,

v.

Scott PALMER and Scott Palmer,
P.C., Appellees.

No. 05–05–00201–CV.

Court of Appeals of Texas,
Dallas.

June 30, 2006.

Rehearing Overruled Aug. 18, 2006.

Carl Haralson Ginsberg, Dallas, for Appellant.

Richard K. Malone, Dallas, for Appellees.

Before Justices WRIGHT, MOSELEY, and LANG.

## OPINION

Opinion by Justice WRIGHT.

Denna Shaw appeals the summary judgment granted in favor of Scott Palmer and Scott Palmer, P.C. In a single issue, appellant contends the trial court erred by granting summary judgment on her oral contract claim because (1) there are material issues of fact precluding summary judgment; (2) appellees failed to conclusively establish the contract violated the statute of frauds; and (3) she presented summary judgment evidence sufficient to create a fact issue on each element of her claim. In two cross-points, appellees contend the trial court erred by finding Palmer committed slander because (1) the complained-of statement was an expression of opinion, and (2) appellant failed to prove special damages. We affirm, in part, and reverse, in part, the trial court's judgment.

## Background

In August 1997, appellant began working as a legal assistant/paralegal for Scott Palmer, an attorney. Later, Palmer incorporated his practice as Scott Palmer, P.C. In September 2001, appellant stopped working for appellees. Appellant claimed she was fired and has filed two claims with the Texas Workforce Commission, both of which were denied, and one of which she appealed to the county court. Thereafter, appellant filed this suit alleging breach of contract, misrepresentation, perjury and harassment, intentional infliction of emotional distress, and defamation. Appellees filed a motion for summary judgment on both traditional and no-evidence grounds. The trial court granted summary judgment in favor of appellees on all of appellant's causes of action except for a single claim of defamation. The trial court did not specify a basis for its ruling. After a trial before the court, the trial court granted judgment for appellant on the defamation claim. Appellant appealed to this Court, complaining only of the breach of contract claim. Appellees cross-appealed, challenging the judgment on appellant's defamation claim. We will address each of these claims in turn.

## Breach of Contract

In her first issue, appellant contends the trial court erred by granting

summary judgment on her breach of contract claim. According to appellant, when she went to work for appellees, she agreed to take a lower salary than she normally would have in exchange for bonuses that would be based on increases in the firm's profits. Appellant's employment ended in September 2001, and she has not been paid bonuses since that time. Appellant sued appellees for breach of an oral contract seeking, among other things, to recover unpaid bonuses. Appellees filed a motion for summary judgment, alleging, in part, that they were entitled to judgment as a matter of law on appellant's breach of contract claim because there was no meeting of the minds with respect to the terms of the oral contract.

The standard of review for a traditional summary judgment is well-established. *See* TEX.R. CIV. P. 166a(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). When reviewing a summary judgment, we take evidence favorable to the nonmovant as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference in favor of the nonmovant is allowed, and all doubts are resolved in her favor. *Id.* To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

Whether parties intended to enter into a binding contract is generally a question of fact. *Meru v. Huerta*, 136 S.W.3d 383, 390 (Tex.App.-Corpus Christi 2004, no pet.). However, if an alleged agreement is so indefinite as to make it impossible for a court to fix the legal obligations and liabilities of the parties, it cannot constitute an enforceable contract.

*Id.* To be enforceable, the parties must agree to the material terms of the contract. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992).

Appellees supported their motion for summary judgment with Palmer's affidavit. In his affidavit, Palmer testified that at all times during appellant's employment, bonuses were "given on a discretionary basis determined by [Palmer] acting as President of the corporation. There was never any agreement, written or oral as to specific bonuses to be paid to [appellant]." Appellant testified in her deposition that when she and Palmer discussed her employment, she agreed to take less money in exchange for bonuses based on an increase in profits. According to appellant, there was no agreement about the determination of the amount of the bonuses. Instead, she and Palmer would discuss it each year, and then they "would agree on an amount that we both thought was fair."

Thus, the summary judgment record does not contain evidence of any agreement or promise to pay a sum certain to appellant as a bonus for services she rendered to appellees. Rather, the record shows that the amount of the bonus was indefinite at the time of the agreement, and the amount of any bonus was open for future negotiation or discretion. In other words, the evidence shows that, at most, appellant and appellees had a contingent agreement to agree. *See Meru*, 136 S.W.3d at 391 (contract unenforceable where appellant was unable to establish exact amount of money owed to him pursuant to an oral bonus agreement). It is well-settled that when an agreement leaves material matters open for future adjustment and agreement, it is not binding on the parties and merely constitutes an agreement to agree. *Id.* (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex.2000)). Under these

circumstances, we conclude appellees conclusively established there was no enforceable oral contract for appellant to receive bonuses. Thus, we conclude the trial court did not err by granting summary judgment on appellant's breach of contract claim. We overrule appellant's sole issue.

## Defamation

■ In their first cross-point, appellees contend the trial court erred by finding Palmer committed slander against appellant. In her petition, appellant alleged that Palmer defamed her by making "statements to the effect that [appellant] was incompetent, crazy, and was attempting to ruin [appellees'] business." According to appellant, Palmer "sought out numerous local attorneys to discuss [appellant's] former employment. [Palmer] told numerous local attorneys that [appellant] ignored files, messed up the handling of the files, wouldn't do her job, and was disruptive in the office." The trial court granted summary judgment in favor of appellees on these claims except for the sole allegation that, in the summer of 2003, Palmer made a statement to a former employee, Shelia Bowles, that appellant was "crazy." Following a bench trial, the trial court found that while the term "crazy" is sometimes used in a "benign or joking connotation," its common and ordinary meaning is that a person is mentally unbalanced. After considering the circumstances surrounding the complained-of statement, the trial court found that it was "substantially untrue and injurious" to appellant's reputation. Appellees maintain the trial court's determination was error. We agree.

■ Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex.1995). A statement is defamatory if the words tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 73.001 (Vernon 2005). An essential element of defamation is that the alleged defamatory statement be a statement of fact rather than opinion. *Howell v. Hecht*, 821 S.W.2d 627, 631 (Tex. App.-Dallas 1991, writ denied). Expressions of opinion may be derogatory and disparaging; nevertheless they are protected by the First Amendment of the United States Constitution and by article I, section 8 of the Texas Constitution. *See Falk & Mayfield L.L.P. v. Molzan*, 974 S.W.2d 821, 824 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); *Yiamouyiannis v. Thompson*, 764 S.W.2d 338, 340 (Tex. App.-San Antonio 1988, writ denied). The question of whether a statement is an assertion of fact or opinion is a question of law. *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex.1989).

Here, Bowles testified that she was working as an assistant district attorney in Denton County and was a former employee of appellees. Appellant contacted Bowles and told her a little about the lawsuit and mentioned that appellant might need witnesses to testify about "the demeanor and/or the environment of the office." Sometime later, Palmer approached Bowles in the Denton County courthouse and told Bowles she "had no business" going to Dallas to testify because she was not working for him at the time appellant stopped working for appellees. Palmer then told Bowles she "need[ed] to watch [her]self because [appellant's] crazy ... [and] she's just doing this to get back at [me]." According to Bowles, Palmer's statement did not affect Bowles's opinion of appellant.

■ The use of the term "crazy" does not, in its common usage, convey a verifiable fact, but is by its nature indefinite and

858

ambiguous. *See Falk & Mayfield,* 974 S.W.2d at 824 (discussing use of the term "lawsuit abuse"); *Weyrich v. The New Republic, Inc.,* 235 F.3d 617, 624 (D.C.Cir. 2001) (definitive, clinical term "paranoia" has taken on a less-than-definitive popular meaning, as have "crazy" and "nutty"). Rather, it is a loose and figurative term employed as a metaphor or hyperbole. As such, it is an expression of opinion absolutely protected by the First Amendment and article 8, section I. *See Falk & Mayfield,* 974 S.W.2d at 824. *See also Lieberman v. Fieger,* 338 F.3d 1076, 1081 (9th Cir.2003) (attorney's comments that psychiatrist was "Looney Tunes," "crazy," "nuts," and "unbalanced" protected under First Amendment as statements of opinion); *Weyrich,* 235 F.3d at 624 (statement that plaintiff "suffered from bouts of pessimism and paranoia" was protected opinion because it was employed in its popular, not clinical sense); *Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 914 (5th Cir.2000) (statement that former employee was "insane, delusional, and irrational" not actionable slander). Because Palmer's statement that appellant was "crazy" did not imply an assertion of fact, but rather was used in its popular sense, we conclude the statement was an expression of opinion, not a statement of fact, and therefore the trial court erred by concluding it was actionable slander. We sustain appellees' first cross-point. Having done so, we need not address appellees' second cross-point.

We reverse the trial court's judgment with respect to appellant's defamation claim and render judgment that appellant take nothing on that claim. In all other respects, we affirm the trial court's judgment.