Opinion issued May 3, 2007






 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00255-CV






SHAOGUANG HE, Appellant


V.


WEN HONG JIANG, Appellee






On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 2004-16944






MEMORANDUM OPINION

 Appellant, Shaoguang He, appeals from a judgment rendered upon a jury's
award of damages for breach of contract and fraud in favor of appellee, Wen Hong
Jiang. In two issues, He argues that (1) the statute of frauds bars Jiang's recovery and
(2) the evidence is legally insufficient to support the judgment.

 We reverse and render.

Facts and Procedural History

 He and Jiang first met each other in 2001 in Houston. Sometime thereafter, He
and Jiang entered into an agreement. 

 According to He, Jiang approached him about doing some investment work for
her. He agreed, testifying that Jiang had agreed to pay him $100,000 per year for his
work. At the end of one year, Jiang refused to pay He for his work because she had
not yet made any profits on her investments, but she agreed that she would pay him
at the end of the following year for two years' work. At the end of two years,
however, Jiang did not pay He for his work. 

 According to Jiang's testimony, she and He had entered into an agreement
whereby He would borrow money from Jiang, make interest payments at specified
intervals, and ultimately return the principal to Jiang.

 From December 2001 through July 2002, Jiang made seven payments to He
pursuant to their alleged agreement totaling $453,000. Of this, $200,000 was given
to He directly; $100,000 was wired to a company named De Li Industries; and
$153,000 was wired to another company named Guanging Honda, of which He is a
shareholder. Of the $200,000 sent to He directly, the transfer of $150,000 is
memorialized in two writings signed by He and given to Jiang on June 21, 2002:

Agreement of Cooperation

 I received $50,000.00 (fifty thousand dollars) from Wenhong Jiang to
purchase U.S. stocks. Stocks will be purchased through mutual
consultation. I will return premium along with the interest to Wenhong
Jiang when profits are realized.


 Participant:

 Shaoguang He (signature)

 6/21/02




Agreement of Cooperation


 I received $100,000.00 (one hundred dollars) [sic] from Wenhong Jiang. 
(The first part of $33,400.00 was received on 3/25/2002; the second part
of $66,600.00 was received on 5/7/2002.) The term of the agreement is
one year. I agree to pay the interest of $6000.00 every 70 days and there
will be five times for such payments. Afterwards I will pay the interest
by days. The date to start to calculate interest is 3/25/2002. The first
pay date for the interest is 7/16/2002. I agree to return premium along
with interest after one year.


 By:

 Shaoguang He (signature)

 6/21/02






 Ten days after her last payment to He, He executed another writing:

Calculation Methods


 Profits of $100,000.00:

 360 days per year:

 Every 70 days, interest earned: $6,000.00

 For one year (360 days), interest earned: $6,000.00 x 1 + $857.00 =
$6,857.00


 Profit of the first $33,400.00:

 42 days x $33,400.00 x 0.000857 (profit per day of $1.00) = $1,202.00


 Profit due to Wenhong Jiang by 7/16 is:

 $6,000.00 + $1,202.00 = $7,202.00


 Shaoguang He (signature)

 7/15/02


 (Note: based on the opinion of Wenhong Jiang, the profit of $7,202.00
will be put into the toy business, starting to calculate interest on
$7,202.00 from 7/17. Starting to calculate interest on $153,000.00 from
7/12).

 From January 2002 through January 2004, He made twelve payments to Jiang
totaling $220,510. When Jiang did not pay He for the investment work he had done
for her, He filed suit against Jiang alleging breach of contract. In her second
amended original answer, Jiang alleged counterclaims for breach of contract and
fraud.

 In considering the evidence, the jury was required to answer several questions
about the facts and answer "yes" or "no." The jury found that He and Jiang had
entered into an agreement but that only He had failed to comply with that agreement
and awarded to Jiang $232,500 in damages. The jury also found that He had
committed fraud against Jiang and awarded an additional $41,900 in direct and
consequential damages.

 On November 30, 2005, He filed a motion for judgment notwithstanding the
verdict and a motion to disregard jury findings arguing that "[a] directed verdict
would have been proper in this case, because there is no evidence to support any of
the answers to the jury questions. Accordingly, the jury's answers should be
disregarded and a take nothing judgment on the entire case should be entered." On
December 19, 2005, the trial court denied He's motions, and, based on the jury's
findings, rendered (a) a take-nothing judgment against He and in favor of Jiang on
He's breach of contract claim and (b) a judgment in favor of Jiang and against He on
Jiang's breach of contract and fraud claims for $274,400.

 On June 16, 2006, He filed a motion for a new trial alleging that Jiang had
presented no evidence to support her causes of action against him. The record does
not reflect whether the court ruled on this motion. Consequently, it was overruled by
operation of law. See Tex. R. Civ. P. 329b(c).Legal Sufficiency In his second issue, He contends that the evidence is legally insufficient to
support the trial court's judgment for breach of contract and fraud. In conducting a
legal sufficiency review, we consider all the evidence in the light most favorable to
the prevailing party. Scottsdale Ins. Co. v. Nat'l Emergency Servs., Inc., 175 S.W.3d
284, 300 (Tex. App.--Houston [1st Dist.] 2004, pet. denied). We indulge every
reasonable inference in that party's favor and disregard all evidence and inferences
to the contrary. Id. When, as here, the complaining party challenges the legal
sufficiency of the evidence underlying an adverse finding on which he did not have
the burden of proof, he must demonstrate that there is no evidence to support the
finding. Id. If more than a scintilla of evidence supports the finding, the no-evidence
challenge fails and the finding is legally sufficient. Id. (citing Lee Lewis Constr., Inc.
v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001)).

 Breach of Contract

 He argues that the evidence supporting the breach of contract portion of the
judgment is insufficient because (1) no verbal or written agreement existed in which
He agreed to pay $232,500 to Jiang and (2) Jiang testified that she had lost the
$232,500 because she had met He, not because he had breached any agreement.

 The elements of a breach of contract claim are that (1) a valid contract existed;
(2) the plaintiff performed or tendered performance; (3) the defendant breached the
contract; and (4) the plaintiff was damaged as a result of the breach. Hussong v.
Schwan's Sales Enters., Inc., 896 S.W.2d 320, 326 (Tex. App.--Houston [1st Dist.]
1995, no writ). Whether a particular agreement constitutes a valid contract is
generally a question of law. Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663,
678 (Tex. App.--Houston [1st Dist] 1996, no writ). A valid contract is formed by an
offer, an acceptance, a meeting of the minds, each party's consent to the terms, and,
in the case of a written contract, execution and delivery of the contract with the intent
that it be mutual and binding. Baroid Equip., Inc. v. Odeco Drilling, Inc., 184 S.W.3d
1, 17 (Tex. App.--Houston [1st Dist.] 2005, pet. denied). However, if an alleged
agreement is so indefinite such that it is impossible for a court to fix the legal
obligations and liabilities of the parties, the agreement cannot constitute an
enforceable contract. Shaw v. Palmer, 197 S.W.3d 854, 856 (Tex. App.--Dallas
2006, pet. denied); accord Farah, 927 S.W.2d at 678 ("A contract is not legally
binding unless it is definite enough in its terms so a court can understand what the
promisor undertook."). 

 Jiang did not present sufficient evidence from which the jury could have
identified the terms of the alleged contract. At trial, Jiang testified that He proposed
an agreement whereby He would borrow money from Jiang, make interest payments
at specified intervals, and ultimately return the principal to Jiang. Thus, according
to her testimony, Jiang entered into a loan agreement with He. 

 In a contract to loan money, the material terms are generally (1) the amount to
be loaned; (2) the maturity date of the loan; (3) the interest rate; and (4) the terms of
repayment. Farah, 927 S.W.2d at 678. Here, we cannot ascertain the material terms
of the loan agreement between He and Jiang because no evidence was presented at
trial as to the amount to be loaned. Jiang did not present any evidence regarding how
much Jiang had agreed to loan to He. Rather, two writings were presented showing
that He, prior to the execution of these two writings, had received $150,000 from
Jiang. Jiang argues, however, and the record reflects that Jiang sent to He and
companies selected by He a total of $453,000. Thus, we cannot ascertain the amount
Jiang agreed to loan to He. Because the amount to be loaned is material in a loan
agreement and it is impossible to ascertain Jiang's financial obligation to He, the
alleged agreement cannot constitute an enforceable contract. See Shaw, 197 S.W.3d
at 856 (noting that if alleged agreement is so indefinite such that it is impossible for
court to fix legal obligations and liabilities of parties, agreement cannot constitute
enforceable contract); Farah, 927 S.W.2d at 678 (noting that amount to be loaned is
material term in contract to loan money). Therefore, because Jiang did not establish
the existence of an enforceable contract, (1) the evidence is legally insufficient to
establish the breach of contract portion of the judgment. See Scottsdale, 175 S.W.3d
at 300.

 We sustain the breach of contract portion of He's second issue.

 Fraud

 He contends that the evidence supporting the fraud portion of the judgment is
insufficient because Jiang testified that she had lost the $232,500 because she had met
He, not because he made any false representations to her.

 To recover on an action for fraud, the party must prove: (1) a material
representation was made; (2) it was false; (3) when the speaker made the
representation, he knew it was false or made it recklessly without any knowledge of
the truth and as a positive assertion; (4) the speaker made it with the intention that it
should be acted upon by the party; (5) the party acted in reliance upon it; and (6) the
party thereby suffered injury. Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex.
1997).

 Jiang did not produce evidence on all the elements of fraud. At trial, Jiang
testified that He proposed an agreement whereby He would borrow money from
Jiang, make interest payments at specified intervals, and ultimately return the
principal to Jiang. Jiang failed to present any evidence, however, that He made these
statements knowing that he would not make the interest payments or return the
principal to her. See Solis, 951 S.W.2d at 390. Thus, the evidence is legally
insufficient to establish the fraud portion of the judgment. See Scottsdale, 175
S.W.3d at 300.

 We sustain the fraud portion of He's second issue. (2)


Conclusion

 We reverse and render a take-nothing judgment against Jiang and in favor of
He with respect to Jiang's counterclaims for breach of contract and fraud.


 

 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.




1. See Hussong v. Schwan's Sales Enters., Inc., 896 S.W.2d 320, 326 (Tex. App.--Houston
[1st Dist.] 1995, no writ) (setting out elements of a breach of contract claim).
2. Because our resolution of He's second issue is dispositive of his first issue, we need not
reach his first issue. See Tex. R. App. P. 47.1.