ACCEPTED
14-13-00604-CV
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
2/6/2015 11:50:01 PM
CHRISTOPHER PRIN
CLERK

# IN THE FOURTEENTH

# COURT OF APPEALS

# HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

2/6/2015 11:50:01 PM

CHRISTOPHER A. PRINE
~~Clerk~~

## NO.14-13-00604-CV

**MARY RIGGINS**

**VS.**

**RONALD HILL AND
LINDA C. HILL ET AL**

---

## MOTION FOR REHEARING

---

Appealed from Cause No. 35391 in the 239TH Judicial District Court of
BRAZORIA COUNTY, TEXAS
Transferred from the 412th Judicial District Court , The Honorable W. Edwin Denman,
Presiding to the
239th Judicial District Court, The Honorable Patrick Sebesta, Presiding

---

Veronica L. Davis

/s/ Veronica L. Davis

Attorney for Appellant
226 N. Mattson
West Columbia, Texas 77486
(979) 345-2953

# TABLE OF CONTENTS

1.    Index of Authorities                                                              I

2.    Statement of Facts/Summation                                          2

3.    Issues Presented                                                                 1

1.    Whether Appellant's attorney is entitled to a fee award
      under the Civil Rights Attorney's Fees Award Act or any
      other act allowing for attorney's fees in discrimination cases..................    3

2.    Whether the Court of Appeals erred in its finding that
      Appellant's appeal was frivolous................................................    8


PRAYER FOR RELIEF                                                                 16


CERTIFICATE OF SERVICE                                                      16

# TABLE OF AUTHORITIES

**Alyeska Pipeline Service Co. v. Wilderness Society**, 421 U.S. 240,
 247 (1975) ............................................................................................ 13

**BE&K Construction CO. v. National Labor Relations Board et al.**
 536 U.S. 516 (2001)............................................................. 13

 **Bounds v. Smith**, 430 U.S. 817 (1977)............................................................. 13

 **California Motor Transp. Co. v. Trucking Unlimited**, 404 U. S. 508,
 510 (1972)............................................................................................ 13

**Christianburg Garment Co. v. EEOC** , 434 U.S. 412, 422 (1978).................. 8

**Farrar v. Hobby**, 506 U.S.103, 111-112; 113 S.Ct. 566 (1992) ........................ 7

**F.D.Rich Co. v. Industrial Lumber Co.** 417 U.S. 116, 126 (1974).................... 13

**Foreca,S.A. v. GRD Development, Inc**., 758 S.W.2d,744, 745–46 (Tex. 1988)  11

**Fort Worth Indep. Sch. Dist. v. City of Fort Worth**, 22 S.W.3d 831, 846 ........  11
 (Tex. 2000**)**

**Glassman v. Goodfriend**, 347 S.W.3d 772, 782 (Tex.App.
 Houston [14[th] Dist] 2011................................................................... 14,15

**Green International, Inc. v. Solis** , 951 S.W.2d 384 (Tex. 1977) ....................... 7

**Herring v. Heron Lakes Estate Owners Association, Inc.**
 (Tx.Civ.App. Houston[14th] 2011 .............................................................. 11

 **Intercontinental Group Partnership vs. K.B. Lone Star Homes, L.P..,**
 295 S.W.3d 650 (Tex. 2007) ............................................................... 6

**In re Ford Motor Co.**, 988 S.W.2d 714, 723 (Tex. 1998) .................................. 14

**Mabon Ltd. v. Afri-Carib Enters., Inc**., 29 S.W.3d 291, 300
 (Tex. App.-Houston [14th Dist.] 2000, no pet.) 12

**Maher v. Gagne** 448 U.S.122 (1980)................................................................. 5

**M.L.B. v. S.L.J.**, 519 U.S. 102 (1996)...................................................................... 13

**Newman v. Piggie Park Enter. Inc.** 390 US 400, 402 (1968)...........................5,8,9, 10

**Pres. Coal. of Erie County v. Fed. Transit Admin**., 356 F.3d 444,
    450-51 (2d Cir.2004)................................................................. 7

**Procunier v. Martinez**, 416 U.S. 396 (1974)................................................. 13

**Redman v. Whitney**, 541 S.W.2d 889 (Tex.Civ..App.-Austin 1976,
    writ ref'd n.r.e.) .... .................................................................. 11

**Shaw v. Palmer**, 197 S.W.3d 854, 856 (Tex.App.-Dallas 2006) ........................... 12

**Solum Engineering, Inc. v. Hood**, 14-13-00428-CV,
    Tex.App.Houston [14th] 2014................................................... 14

**Tennessee v. Lane**, 541 U.S. 509 (2004)................................................ 13

**Texas Civil Practice & Remedies Code** §§38.002 .............................................. 6,7

**Tex. Rule Civ. Proc.** §166a................................................................... 6

United States Constitution, 11th amendment.............................................. 6

United States Constitution, 14th Amendment ...................................... 13

42 U.S.C. § 1981.............................................................................. 4

42 U.S.C. § 1983.............................................................................. 4

42 U.S.C. § 1985.............................................................................. 4

42 U.S.C. § 1986.............................................................................. 4

 42 U.S.C. 1988(2000) Civil Rights  Attorney Fee Awards Act ..........................2,3, 4,5, 6

42 U.S.C. 2000bb et seq Religious Freedom Restoration Act of 1993.................... 4

42 U.S.C. 2000cc  the Religious Land Use and Institutionalized
    Persons Act of et seq.         ................................................. 4

42 U.S.C. 2000d et seq.title VI of the Civil Rights Act of 1964................................ 4

42 U.S.C.  §2000e-5k (2006) 706(k) of Title VII of the Civil Rights Act........... 1

42 U.S.C. §§ 3404-3606. ...................................................................................... 4

42 U.S.C.§ 3613(c). ...................................................................................... 4

20 U.S.C. 1681 et seq.

Title VIII of the Civil Rights Act of 1968.......................................................... 4

24 C.F.R. 100.201(a)................................................................................... 3

24 C.F.R. 100.201(a)(2)..................................................................................... 3

Federal Housing Act § 894(f), (f)(3)(B) ........................................................ 2

Ehrenzweig, *Reimbursement of Counsel Fees and the Great Society*.
    54 California Law Review 792 (1966)........................................................ 13

## MOTION FOR REHEARING

**TO THE HONORABLE COURT:**

**COMES NOW, MARY RIGGINS**, Plaintiff, in the above entitled and numbered cause and seeks this Motion for Rehearing and in support thereof would show that the Court of Appeals erred in its determination that all matter on which this appeal is based had already been reviewed by the court. Moreover, this Court erred in its determination that Appellant's counsel filed a frivolous appeal.

## FACTUAL SUPPORT FOR REHEARING WHICH PRESENTS
## NEW BASES FOR REVIEW

Appellant filed an appeal which was docketed as Cause No. 14-09-00495-CV in which Appellant sought reversal of a grant of summary judgment and reversal of an attorney's fee award. Eight issues were presented, including whether a court may grant prospective attorney's fees if Appellant appealed. Appellant, believing that it would prevail on the most poignant issues, did not raise every possible issue in the case.

Forty thousand dollars, the original settlement amount agreed on ,was placed in the registry of the Court by Appellee's counsel. After the appeals in this case were exhausted, both parties made a demand for dissemination of those funds from the registry of the court.

Appellee's counsel sought attorney's fees in the amount of $10,500.00 for attorney's fees. $3500.00 of said amount were for attorney's fees in response to

-1-

Appellant's appeal to the Supreme Court of Texas. Appellant contends that since Appellee had declined to respond to a brief in connection with its Petition for Review, it was therefore not entitled to same.

Moreover, Appellant contended that the order was void abinitio because, there was no contract because its terms were speculative and prospective

After Appellant appealed this judgment and the matter was returned to the trial court pertaining to the matter concerning the Appellee's attorney's fee award, a series of actions transpired to determine the amount of fees owed , if any, to counsel for Appellee from the $40,000.00 placed in the registry of the Court. Moreover, Appellant sought to have determined its entitlement to additional attorney's fees pursuant to the *Civil Rights Attorney Fee Awards Act* codified at 42 U.S.C. 1988(2000) and 706(k) of Title VII of the Civil Rights Act, codified at 42 U.S.C. §2000e-5k (2006) which were not the subject of the Appeal in Cause No. 14-09-00495-CV. The Court denied same. (CR p. 668-670-order).

It is from the denial of the attorney's fees under said act, along with its other motions that Appellant appeals. Appellant further appealed the grant of attorney's fees to Appellee.

## SUMMATION OF FACTS WHICH SUPPORT REVIEW OF
## GRANT PERTAINING TO  ATTORNEY'S FEES

Appellant resided in the West Columbia Manor Apartments, a subsidized housing

complex, required by law to comply with Federal Housing regulations under the Federal Housing Act § 894(f), (f)(3)(B) at 42 U.S.C.A. 3605(f),3604(f)(3)(B); 24 CFR §100.201(a); 101.201(a)(2) which required the Appellees to provide accommodations for both physically and mentally disabling conditions. Due to the failure of the apartment complex to provide Appellant a downstairs apartment due to her physically disabling condition, Appellant fell. Appellant was transported by ambulance to the hospital for injuries sustained in the fall. Immediately thereafter, Appellee placed an eviction notice on her door from which a number of eviction and other legal actions ensued.

After much legal wrangling, the parties agreed to settle. Due to failure to promptly pay the proceeds of said settlement, Appellant withdrew her consent to settle. Appellee, in response, sought a Motion to Enforce the Settlement Agreement/Motion for Summary Judgment and deposited money in the registry of the Court. Appellant contends that the alleged Rule 11 agreement was neither a contract nor was it enforceable.

**ISSUE ONE**.

**Whether Appellant's attorney is entitled to a fee award under the Civil Rights Attorney's Fees Award Act or any other act allowing for attorney's fees in discrimination cases**.

This Honorable Court, in its revised opinion, reprimands the Appellant for relitigating the same issue which has already been entertained on Appeal. The issue of whether the Appellant entitled to attorney's fees under the Civil Rights Attorney Fee

Awards statute.  Whether the Court of Appeals upholds the fee award to Appellee does not negate Appellant's entitlement to same as a matter of law.  This cause of action emanated from claims of housing discrimination, and discrimination on the basis of handicapping condition, as well as racial discrimination.

Appellant requested the grant of attorney's fees prior to the issuance of mandate in this case.  Case law indicates that it is proper to make such a request prior to the cessation of litigation.

Pursuant to the ***Civil Rights Attorney Fee Award Act***, codified at 42 U.S.C. § 1988:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000b et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....

The Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended  by the Fair Housing Amendments Act of 1988, P.L. 100-430, prohibits discrimination on the basis of race, color, religion, sex, handicap, familial status (having children), or national origin in the sale or rental of housing, the financing of housing, or the provision of brokerage services. 42 U.S.C. §§ 3404-3606. An aggrieved person may bring a civil action, in which the prevailing party, other than the United States, may recover reasonable attorneys' fees and costs.  42 U.S.C.§ 3613(c).

Because the word may appears in the statute, Appellee contends that such an award to Appellant is permissive, rather than mandatory. However, the courts have found that once the plaintiff is found to be a prevailing party, the fee is awarded as a matter of course except in "special circumstances that would render an award unjust." **Newman v. Piggie Park Enter. Inc**. 390 US 400, 402 (1968).

Because this case sounded in civil rights violations, Appellant contends that her attorney is entitled to attorney's fees in connection therewith, as she was a prevailing party, as defined by law.

In a state case which involved a matter which was not related to a civil rights violation, as well as one with civil rights implications, the question was raised on how to resolve an attorney's fee award in such an instance. In **Maher v. Gagne** 448 U.S.122 (1980), a party charged a state with having violated a non-civil rights law. However, the plaintiff in *Maher* also raised a constitutional claim, and that was decisive. Prior to trial, the case was settled favorably for the plaintiff, without the constitutional issue's being reached. The state argued that the Eleventh Amendment prohibited a fee award because the case involved a purely statutory, non-civil rights claim. The Court held, however, that, under § 1988(b), a federal court, notwithstanding the Eleventh Amendment, may award attorneys' "fees in a case in which the plaintiff prevails on a wholly statutory, non-civil rights claim pendent to a substantial constitutional claim or in one in which both a statutory and a substantial constitutional claim are settled favorably to the plaintiff

without adjudication." *Id.* at 132.  It further stated that:

> Under 1988 the district courts' authority to award attorney's fees is not limited to cases in which 1983 is invoked as a remedy for a constitutional violation or a violation of a federal statute providing for the protection of civil or equal rights.

The Court further determined that settlement did not preclude a party from being a prevailing party.

> The fact that respondent prevailed through a settlement rather than through litigation does not preclude her from claiming attorney's fees as the "prevailing party" within the meaning of 1988.  Id at 123.

The  trial court in the instant case denied Appellant's Motion for a grant of Attorney's Fees  presumably by failing to rule on same.  The trial court, did however, modify or reform the judgment to eliminate the attorney fee award to Appellee for appeal to the Supreme Court since the Appellee filed did not file a brief in that regard.

Appellee presumably seeks attorney's fees because the court granted his Motion to Enforce Settlement Agreement/Motion for Summary Judgment. Motions for Summary Judgment are regulated by **Tex. Rule Civ. Proc.** §166a and contain no provisions for attorney fees. Consequently, Appellee must be seeking his claim for attorney's fees under the **Texas Civil Practice & Remedies Code** §§38.002 which requires a prerequisite of thirty day presentment prior to hearing, which was not met and 38.001 discussed supra.

The Texas Supreme Court in **Intercontinental Group Partnership vs. K.B. Lone**

**Star Homes, L.P..**, 295 s.w.3d 650 (Tex. 2007) citing the holding in **Green**

**International, Inc. v. Solis** , 951 S.W.2d 384 (Tex. 1977) held:

> that before a party is entitled to fees under section 38.001, that "party must (1) prevail on a cause of action for which attorney's fees are recoverable, **and** (2) recover damages." [Emphasis added] If **Green** and Chapter 38 applied to this case, KB Home could not recover attorney's fees since it did not recover any damages.

Appellee failed to meet the foregoing requirements to obtain attorney's fees under

Chapter 38 of the **Texas Civil Practice & Remedies Code**. Same constitutes Appellant's

basis for declaring that the judgment of this Honorable Court was *void ab initio*, because

no basis existed for the award of attorney's fees.

In **Farrar v. Hobby**, 506 U.S.103, 111-112; 113 S.Ct. 566 (1992) a federal civil-

rights case, the Court elaborated:

> [T]o qualify as a prevailing party, a · plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or *settlement.* Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement.   [Emphasis added]

The Court concluded that the plaintiff "prevailed" in **Farrar** because he was

awarded one dollar in damages:

> A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.
> Since settlement occurred in favor of Appellant, Appellant remains the prevailing party and Appellee is not entitled to attorney's fees as a prevailing party, even though summary judgment was granted in his favor, because Appellee was not awarded damages.

The law on awarding attorney's fees in civil rights cases is controlled by the Supreme Court's case, **Christianburg Garment Co. v. EEOC**, 434 U.S. 412, 422 (1978).

> Although a prevailing plaintiff in a Title VII proceeding is ordinarily to be awarded attorney's fees by the district court in all but special circumstances, *a prevailing defendant is to be awarded such fees only when the court, in the exercise of its discretion, has found that the plaintiff's action was frivolous, unreasonable, or without foundation*. [Emphasis added]
>
> The Court expounding on its reasons stated:
>
> (a) There are at least two strong equitable considerations favoring an attorney's fee award to a prevailing Title VII plaintiff that are wholly absent in the case of a Title VII defendant, *viz.,* the plaintiff is Congress' chosen instrument to vindicate "a policy that Congress considered of the highest priority," *Newman v. Piggie Park Enterprises,* 390 U. S. 400, 390 U. S. 402, and when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law. Pp. 434 U. S. 418-419

Therefore, the trial court erred in failing to award attorney's fees to Appellant. Said denial was a new matter for determination. Therefore, this Honorable Court erred in its position that this matter was a part of its previous determination.. Therefore, it was ripe for determination by appeal.

## II.

**Whether the Court of Appeals erred in its finding that Appellant's appeal was frivolous**.

The Court of Appeals asserts that the appeal is frivolous because:

1) Davis seeks to relitigate the issues already resolved by the judgment, which

was final by appeal before Riggins perfected this appeal.

First, Appellant does not seek to resolve relitigate issues resolved by the judgment. The Court did not resolve the issue of her entitlement to attorney's fees as set out in the preceding issue. As previously set out, given the nature of the complaint, the Appellant, Mary Riggins raises issues of discrimination on the basis of race, handicapping condition, and housing. The statutes heretofore cited provide a basis for an attorney's fee award for which Appellant seeks relief in the form of attorney's fees. That issue was never litigated.

> The policy considerations underlying an award of attorneys' fees in civil rights actions are clear. In civil rights litigation, individual litigants assume the position of "private attorneys general " vindicating a congressional policy against discrimination. When the Civil Rights Act of 1964 was passed, it was understood "that the Nation would have to rely in part upon private litigation as a means of securing broad compliance with the law." Newman v. Piggie Park Enterprises,390 U.S. 400, 401, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1265 (1968). It is only through attorneys' fees provisions that litigants can be assured of the competent counsel they need for the effective enforcement of their right not to be discriminated against. Newman v. Piggie Park Enterprises, supra, 390 U.S. at 402, 88 S.Ct. at 966, 19 L.Ed.2d at 1265.

2)     Riggins has not shown and the record does not reflect, any reasonable ground for concluding that the Judgment is void.

Appellant would show this court that no contract existed. The language in the document (Rule 11) which Appellee sought to enforce was unenforceable as a contract because it was prospective in nature and therefore unenforceable. Because of its prospective terms, it could not be viewed as binding until its terms were carried out.

Specifically, the terms of the alleged agreement could, at best, be considered

condition precedents to a contract and not a contract itself. For example, the following statements are contained in the alleged Rule 11 agreement: (Clerk's Record, Vol 11, pgs. 490-494).

a.  Page 1,Paragraph 1; "*If* the terms of this *letter* are followed, then you will receive your check at the hearing and I get the release and judgment at the hearing." [ Emphasis added]

b.  Page 1, paragraph 3 "This agreement is *CONTINGENT* upon this matter being completely resolved with no further attorney's fees or time, except that specifically contemplated by the terms of this agreement."

c.  Page 2, 2nd full paragraph- Verification that there are no existing Medicare or hospital liens.-- "If all other terms are agreeable, I will also need to verify three items regarding liens.  I will not check liens unless all other terms are agreeable......."

d.  Page2, last paragraph The appointment of an ad litem to review the Final Compromise and Settlement Agreement; "This agreement is expressly contingent upon a guardian ad litem being appointed by the Court to review the proposed settlement on behalf of your client and the court approving the settlement......"

e.  Page 3 .... In the event that the agreement is not approved, the executed release is thereby rescinded, the take nothing judgment is non-binding, the settlement check will be tendered back to me immediately in open court, and the parties shall proceed with the litigation in this cause.

At the time of this writing, a check had not been tendered, a release had not been executed and it is clear that this document was not intended as a final executed contract.

The document also contains the language, "***Here is how I hope and expect things to transpire if our clients agree on this settlement and there are no medical and hospital liens.***" [Emphasis added] (See Clerk's Record Vol.II, pages 490-494;- pg 3 of the

-10-

document- 2nd full paragraph).

A mere expression of a desire or hope is not a commitment that becomes a binding contract when it is accepted by the person to whom it was expressed.  **Redman v. Whitney**, 541 S.W.2d 889 (Tex.Civ..App.-Austin 1976, writ ref'd n.r.e.) .  Redman goes on to state that:

> It is fundamental contract law that, under ordinary circumstances, if one's promise is conditioned on the happening or occurrence of a future event, that condition must be fulfilled in the exact manner expressed in the contract before the promisor can be forced to perform his obligations.

Appellant asserts that condition precedents were never met, therefore, there was no binding Rule 11 agreement, as asserted by this Court.

The Court in **Herring v. Heron Lakes Estate Owners Association, Inc.** (Tx.Civ.App. Houston[14th] 2011 held as follows"

> If the parties do not intend to be bound until other terms are negotiated or until a formal document is executed, then "there is no binding contract, but only an agreement to agree." *Mabon Ltd. v. Afri-Carib Enters., Inc*., 29 S.W.3d 291, 300 (Tex. App.-Houston [14th Dist.] 2000, no pet.); *accord Fort Worth Indep. Sch. Dist. v. City of Fort Worth,* 22 S.W.3d 831, 846 (Tex. 2000); *Foreca,* 758 S.W.2d at 745–46. The key question is whether the parties intended for a formal document to be executed as a condition precedent to being bound by contract. *Foreca,* 758 S.W.2d at 745–46. *See generally* Williston on Contracts 4:11 (4th ed. 2007).

Clearly, the parties were not intending to be bound by this document.  The document is full of language which indicates that certain conditions must be met, and that the Final Compromise and Settlement Agreement must be approved by the court and the ad litem.  Therefore, it is clear that if the parties intended to be bound by the alleged rule

11 agreement, there would have been no need for the ad litem to approve an agreement that had already been signed, nor would there have been any need for the Final Settlement and Release Documents tendered by Appellees. (Tr. Pgs 382-394).

As heretofore stated, the document is prospective in nature, and can only be viewed as an agreement to agree. Therefore, no contract existed in the first place. The Court in **Shaw v. Palmer**, 197 S.W.3d 854, 856 (Tex.App.-Dallas 2006) stated that if an alleged agreement is so indefinite that it is impossible to fix the legal obligations and liabilities of the parties, the agreement can not constitute an enforceable contract.

The Court of Appeals appears to have committed an error of law in construing the Rule 11 agreement as a contract, therefore, same supports Appellant's contention that the judgment was void ab initio..

3) ..Riggins challenges to the enforcement of the Judgment as modified by this Court, the record does not show any reasonable ground for concluding that the West Columbia Parties were required to file a response or a brief to be entitled to recover the appellate fees awarded in the judgment.

Awarding attorney fees to a Defendant simply for the Plaintiff appealing is against the foundation of our legal system. Same constitutes a violation of equal protection under the law, equal access to redress her grievances, in that the 412th Judicial District trial court placed restrictions on her ability to appeal, in violation of the United States Constitution, amendments 1 and 14 and the Texas Constitution, Bill of Rights, Article 1 §§ 3 and 3a.

-12-

The Fourteenth Amendment of the United States Constitution which allows a person to seek redress for grievances through the justice system. If a person is awarded attorney's fees, simply for seeking an appeal, the Court of Appeals and the Supreme Court would simply exist for those who could afford it.

The right of access to the Courts is clear according to the U.S. Supreme Court. **Bounds v. Smith**, 430 U.S. 817 (1977); **M.L.B. v. S.L.J.**, 519 U.S. 102 (1996). The Supreme court has stated the right of access to the courts is also protected by the First Amendment. **BE&K Construction CO. v. National Labor Relations Board et al.** 536 U.S. 516 (2001)("the right to petition extends to all departments of the Government," and that "[t]he right of access to the courts is ....but one aspect of the right of petition."). **California Motor Transp. Co. v. Trucking Unlimited**, 404 U. S. 508, 510 (1972). See **Tennessee v. Lane**, 541 U.S. 509 (2004)(recognizing "the fundamental right of access to the courts"); **Procunier v. Martinez**, 416 U.S. 396 (1974).

Coupled with the fees resulting in denial of access to the court, the court in **Alyeska Pipeline Service Co. v. Wilderness Socierty**, 421 U.S. 240, 247 (1975) was concerned with the effects of plaintiffs who sustained a fee award against them.

> The principal justification for the rule [American] is that a strict policy of shifting fees to the losing party would discourage *impecunious* plaintiffs due to fear of failure and the resulting burden of satisfying the defendant's attorney's fees. *F.D.Rich Co. v. Industrial Lumber Co.* 417 U.S. 116, 126 (1974). The American rule has been criticized as an unwarranted impediment to indigent plaintiffs, since deduction of fees from damage recoveries will not making a prevailing plaintiff whole. See Ehrenzweig, *Reimbursement of Counsel Fees and the Great Society*. 54 California Law Review 792 (1966).

Appellant contends that a monetary penalty which will prevent its access to the courts in tantamount to a sanction and constitutes an abuse of discretion for which mandamus lies. In **Solum Engineering, Inc. v. Hood**, 14-13-00428-CV, Tex.App.Houston [14th] 2014, this Honorable Court found as follows:

> Solum also contends that it is entitled to mandamus relief because the sanctions order "imposes severe monetary restrictions that also threaten the litigation and penalize [Solum] for exercising its legal rights." *See In re Ford Motor Co.*, 988 S.W.2d 714, 723 (Tex. 1998) ("[A]ppeal is not an adequate remedy when a court imposes a monetary penalty on a party's prospective exercise of its legal rights.")

The language of the trial court in the instant cause imposed such a penalty. Appellant believes that this Honorable Court is duty bound to correct same.

4) The West Columbia parties filed a Rule 45 motion asking the court to assess damages against Davis more than $54,000.00 in damages. At no time has Davis undertaken to refuted the stated reasons for the Rule 54 damages sought

This court posits that since Davis failed to refute the reasons stated in Appellee's request for damages pursuant to Rule 45, they are deemed uncontroverted. The Court obviously failed to recognize the calendar of events in this cause. Upon tender of the Appellee's brief on December 3, 2013, the matter was immediately submitted to the Court on December 18, 2013. Appellant lacked the time to answer. The Court in **Glassman v. Goodfriend**, 347 S.W.3d 772, 782 (Tex.App.Houston [14th Dist] 2011, the court stated that a Court of Appeals may make a finding that an appeal is frivolous, after notice and a reasonable opportunity for a response. Appellant contends that fourteen days

-14-

was not a reasonable time.

Without any comment from Appellant, this Court can plainly see that the billing schedule submitted began in 2009. A review of the State Bar of Texas's website fails to reveal an attorney named Debra Ibarra. The billing statement indicates that she is a partner in the firm of L. Cullen Moore.

Rather it is Appellee's Motion that seeks to relitigate fees already submitted. Fees for the grant of summary judgment was all that was allowed. The trial court denied fees for Supreme Court appellate review. The document that purports to be a contract provides no basis for any fee.

Therefore, this Honorable Court erred in the granting of a fee award to Appellees.

In **Glassman** at 782-783, the court considered certain factors in determining that an appeal was frivolous: 1) that the appeal was taken in bad faith; 2) that a party has reasonable grounds for believing the case could be reversed.

Appellant contends that this appeal was not taken in bad faith. The appeal was taken because Appellant was entitled to attorney fees. Moreover, because no contract existed in the first place and because Appellee was not a prevailing party, sufficient grounds existed for belief that the case should be reversed.

**WHEREFORE PREMISES CONSIDERED**, Appellant prays that this Honorable Court:

1. Reverse the decision of the trial court denying Appellant attorney's fees;

2.      That it reverse its decision affirming the judgment of the trial court;

3.      That it issue a finding that the appeal is not frivolous;

4.      That it reverse its order granting damages under Appellate Rule 45 to

Appellee;

5.      That it grant attorney's fees to Appellant for all costs incurred herein since

the inception of this cause;

6.      That costs be taxed against Appellee;

6.      For such other and further relief to which Appellant may be entitled.

Respectfully submitted,

/s/ Veronica L. Davis

Respectfully submitted,
Veronica L. Davis
Attorney for Appellant
226 N. Mattson
West Columbia, Texas 77486
(979) 345-2953

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion for Rehearing has been submitted for service by efiling to counsel for Appellees by and through their counsel of record, L. Cullen Moore at 2801 South Post Oak Blvd. Suite 250, Houston, Texas 77056 on this the 6th day of February, 2015.

/s/ Veronica L. Davis