**Arthur MERU, Appellant,**

v.

**Albert HUERTA, Steve Hastings, Doug Allison, and Guy Allison, Appellees.**

No. 13–01–00556–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 20, 2004.

---

Harvey F. Cohen, Attorney At Law, Austin, for Appellant.

Darrell L. Barger, Attorney At Law, Corpus Christi, Rebecca E. Hamilton, Attorney At Law, and Steve Sumner, Sumner, Schick & Hamilton, Dallas, for Appellees.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

Appellant, Arthur Meru, sued appellees, Albert Huerta, Steve Hastings, Doug Allison, and Guy Allison, for breach of contract and misrepresentation. Appellees filed a motion for summary judgment, and the trial court granted the motion without specifying the ground or grounds relied on for its ruling. In four issues, appellant contends the trial court erred in granting the motion. We affirm in part and reverse and remand in part.

Appellant asserts that: (1) he was employed by appellees as an investigator and legal assistant from 1984 to 1997; (2) his duties included investigating current and potential cases and interviewing witnesses, family members, and other key individuals; (3) in addition to his base salary, appellees agreed to pay appellant a bonus, contingent upon the successful outcome of the cases on which he performed legal assistance and investigative services; and (4) the practice of paying bonuses in addition to base salary was common for appellees. Appellant claims he is owed compensation for the "Tomlinson" and "Hastings" cases.

When we review the granting of a motion for summary judgment, we determine whether the trial court granted the motion on traditional or "no-evidence" grounds. *Hamlett v. Holcomb*, 69 S.W.3d 816, 818 (Tex.App.-Corpus Christi 2002, no pet.). This distinction must be made to avoid improperly shifting the burden of proof. *Id.* at 819.

### A. NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

Without asserting further specificity, appellees stated the following as their first ground for summary judgment:

**Rule 166a(i).**

Under the Texas Rules of Civil Procedure, a litigant has the right to demand that his opponent show evidence as to the essential elements of his claim. Tex.R. Civ. P. 166a(i).

Defendants demand, pursuant to Rule 166a(i), that Plaintiff show evidence at this time.

A party filing a motion for summary judgment under rule of civil procedure 166a(i) must fulfill certain specific procedural requirements. Tex.R. Civ. P. 166a(i); *Oasis Oil Corp. v. Koch Ref. Co. L.P.*, 60 S.W.3d 248, 252 (Tex.App.-Corpus Christi 2001, pet. denied). A no-evidence motion for summary judgment must state the elements of the claim as to which there is no evidence. Tex.R. Civ. P. 166a(i). This requirement is strictly construed.

*Michael v. Dyke,* 41 S.W.3d 746, 751 n. 3 (Tex.App.-Corpus Christi 2001, no pet.). Rule 166a(i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case. TEX.R. CIV. P. 166a cmt.; *Oasis Oil,* 60 S.W.3d at 252.

■ Appellees' motion for summary judgment does not state the elements of the claim as to which there is no evidence. Appellees' demand "that Plaintiff show evidence at this time" is nothing more than a "conclusory" motion or "general" no-evidence challenge, which the rule specifically prohibits. *See* TEX.R. CIV. P. 166a cmt; *see also McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex.1993); *Freedom Communications, Inc. v. Brand,* 907 S.W.2d 614, 618 (Tex.App.-Corpus Christi 1995, no writ) (motion that fails to present grounds is legally insufficient as a matter of law). Therefore, we hold that appellees' no-evidence motion for summary judgment is insufficient as a matter of law and did not impose a duty on appellant to respond.

■ Where a motion for summary judgment does not strictly comply with the requirements of rule 166a(i), it will be construed as a traditional summary judgment motion. *Michael,* 41 S.W.3d at 750. Therefore, we construe appellees' motion as a traditional motion for summary judgment and review it accordingly.

### B. TRADITIONAL MOTION FOR SUMMARY JUDGMENT

We review the granting of a traditional motion for summary judgment *de novo. See Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994); *Alejandro v. Bell,* 84 S.W.3d 383, 390 (Tex.App.-Corpus Christi 2002, no pet.). To prevail, the moving party has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Lear Sie-*

*gler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken as true, and all reasonable inferences made, and all doubts resolved, in his favor. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). Summary judgment is proper if the movant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. *Id.; Branton v. Wood,* 100 S.W.3d 645, 646 (Tex.App.-Corpus Christi 2003, no pet.). A defendant moving for summary judgment on an affirmative defense has the burden of conclusively establishing that defense. *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530 (Tex.1997). The nonmovant has no burden to respond to a traditional motion for summary judgment, unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000).

When a trial court's order granting a motion for summary judgment does not specify the ground or grounds relied on for its ruling, the appellate court will affirm the summary judgment if any of the theories advanced in the motion are meritorious. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001); *Boren v. Bullen,* 972 S.W.2d 863, 865 (Tex.App.-Corpus Christi 1998, no pet.). Likewise, where the order granting the summary judgment does not state the grounds upon which it was granted, the nonmovant must show on appeal that each independent ground alleged is insufficient to support the summary judgment. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970); *Williams v. City of Dallas,* 53 S.W.3d 780, 784 (Tex.App.-Dallas 2001, no pet.).

### 1. *Limitations Defense*

■ As their second ground for summary judgment, appellees asserted that

appellant's claim for compensation in the Tomlinson case was barred by limitations. In his third issue on appeal, appellant contends that appellees did not establish their limitations defense as a matter of law.

Appellant filed his original petition on December 17, 1998. Appellees argue that because the Tomlinson case settled in 1993, and both breach-of-contract and misrepresentation causes of action are subject to a four-year limitations period, appellant's causes of action as to the Tomlinson case are barred by limitations.[1] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(3)-(4) (Vernon 2002).

■■■■ By moving for summary judgment on their affirmative defense of limitations, appellees had the burden to conclusively establish the applicability of the defense. *See Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975). As part of this burden, appellees had to establish as a matter of law the date upon which limitations commenced. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *Salazar v. Amigos Del Valle, Inc.*, 754 S.W.2d 410, 412 (Tex.App.-Corpus Christi 1988, no writ). The issue of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990).

In support of their limitations argument, appellees presented the affidavit of Steve Hastings as summary judgment evidence. Hastings' affidavit states that the Tomlinson case was settled in 1993. Appellant subsequently filed a certified copy of an order which showed that the Tomlinson case was dismissed by the 117th District Court of Nueces County on November 29, 1994.

The date the Tomlinson case settled is not the date when any alleged contract was breached or when any fraud was discovered. *See Pickett v. Keene*, 47 S.W.3d 67, 77 (Tex.App.-Corpus Christi 2001, no pet.) (statute of limitations on a claim for breach of contract begins to run only when the injured party elects to treat the contract as terminated); *In re Estate of Herring*, 970 S.W.2d 583, 587 (Tex.App.-Corpus Christi 1998, no pet.) (statute of limitations does not commence to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence). A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex.1998); *see also Atkins v. Tinning*, 865 S.W.2d 533, 535 (Tex.App.-Corpus Christi 1993, writ denied) (cause of action for breach of contract accrues, not at formation of contract, but at breach itself). Appellees failed to present any evidence establishing when they received their share of the settlement proceeds from the Tomlinson case. Thus, appellees failed to establish as a matter of law when appellant's claims accrued. *See KPMG Peat Marwick*, 988 S.W.2d at 748; *Salazar*, 754 S.W.2d at 412.

Accordingly, appellees failed to conclusively prove each element of their affirmative defense of limitations. *See Winograd*, 956 S.W.2d at 530. We conclude that the trial court could not have appropriately granted summary judgment on this ground. Appellant's third issue is sustained.

---

1. Appellees do not argue that the Hastings case is subject to this limitations defense. Therefore, our review of this ground for summary judgment is limited only to the Tomlinson case.

### 2. Judicial Admission of No Claim

As their fourth ground for summary judgment, appellees asserted that appellant had attempted to obtain perjurious testimony to support his contract claims, and that such conduct amounts to an admission that his claims are without merit.[2] In his fourth issue on appeal, appellant challenges appellees' assertion that appellant judicially admitted his claims are without merit.

In support of their assertion, appellees presented the transcript of a telephone conversation between appellant and his former girlfriend, Priscilla Lopez. The transcript apparently references a prior conversation in which appellant tried to obtain a statement from Lopez to support his prospective lawsuit against appellees for breach of contract.

In their summary judgment reply brief, appellees argue that appellant's conduct amounted to spoliation of evidence. Specifically, they contend that by seeking to induce Lopez to perjure herself to bolster his claims, appellant despoiled his case, or, stripped it of value. Appellees assert that they have raised a fact question as to spoliation, and because appellant has failed to rebut that presumption, appellees should prevail as a matter of law on their spoliation defense.

Spoliation of evidence, by its nature, is an evidentiary question. Thus, the question of whether appellant despoiled his evidence is better remedied within the context of the core cause of action in the form of sanctions or a spoliation presump-

tion jury instruction. See Trevino v. Ortega, 969 S.W.2d 950, 954 (Tex.1998) (Baker, J., concurring). We refuse to transform a sanctionable act or presumption into a conclusively established fact for summary judgment purposes. Kang v. Hyundai Corp. (U.S.A.), 992 S.W.2d 499, 502 (Tex.App.-Dallas 1999, no pet.) (spoliation is not a proper ground for a 166a(c) summary judgment because it does not relieve a defendant from the burden of negating at least one essential element of each claim pleaded as a matter of law). Therefore, we hold that appellees' spoliation argument, and accompanying proof, is insufficient to sustain summary judgment because it fails to disprove at least one element of either of appellant's claims. See Branton, 100 S.W.3d at 646. Accordingly, we conclude that the trial court could not have appropriately granted summary judgment on this ground. Appellant's fourth issue is sustained.

### 3. Failure to Establish a Claim

#### a. Misrepresentation

In his first issue on appeal, appellant contends that appellees' summary judgment proof does not address his misrepresentation cause of action. Appellees argue that their "rule 166a(i) motion" addressed appellant's misrepresentation cause of action and that appellant had the burden to present evidence of the alleged misrepresentation. However, we have already held that appellees' motion is insufficient as a matter of law because it fails to

---

**2.** "Admission by Conduct" has been defined as "a wrongdoing committed by a party, in connection with its case, that amounts to an obstruction of justice and that gives a factfinder reason to believe that the party thinks its case is so weak that it perhaps cannot be won without resorting to improper means." Am. Maint. & Rentals, Inc. v. Estrada, 896 S.W.2d 212, 224 (Tex.App.-Houston [1st Dist.] 1995,

vacated pursuant to settlement) (quoting McQueeney v. Wilmington Trust Co., 779 F.2d 916, 922 (3rd Cir.1985)). A party's influencing of a witness to obtain favorable testimony is an admission by conduct regardless of whether it is accompanied by bribery, intimidation, cajolery, or resort to sentiment. McQueeney, 779 F.2d at 922.

comply with the requirements of Rule 166a(i).

■ In a traditional motion for summary judgment, the moving party has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Lear Siegler, Inc.*, 819 S.W.2d at 471. After reviewing the record, we conclude that appellees failed to produce any evidence regarding appellant's misrepresentation cause of action. Accordingly, the trial court erred in granting summary judgment on appellant's misrepresentation claim.[3] Appellant's first issue is sustained.

### b. Breach of Contract

■ As their third ground for summary judgment, appellees asserted that appellant was unable to establish his claim for breach of contract because he had neither pleaded nor produced any evidence of a sum certain amount owed to him. In support of this assertion, appellees presented specific portions of appellant's deposition where he testified that he was supposed to have received "close to . . . six hundred thousand" for the Tomlinson case and "somewhere in the neighborhood of a million dollars" or "double the amount of what [he] was supposed to receive in the Tomlinson case" for his work on the Hastings case. Appellees asserted that any alleged oral agreement could not be enforced due to indefiniteness of material terms.

In his second issue on appeal, appellant contends that the summary judgment evidence created a genuine issue of material fact concerning his agreement with appellees. Thus, appellant argues, the trial court erred in rendering summary judgment on the issue.

■ Whether parties intended to enter into a binding contract is generally a question of fact. *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 678 (Tex.App.-Houston [1st Dist.] 1996, no writ). However, whether a particular agreement is an enforceable contract is generally a question of law. *Id.*

■ It is well established that the terms of an oral contract must be clear, certain and definite. *Gannon v. Baker*, 830 S.W.2d 706, 709 (Tex.App.-Houston [1st Dist.] 1992, writ denied). "A contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992). A contract will fail for indefiniteness if evidence is not presented on all essential terms. *See id.* at 221–22. If an alleged agreement is so indefinite as to make it impossible for a court to fix the legal obligations and liabilities of the parties, it cannot constitute an enforceable contract. *Engelman Irrigation Dist. v. Shields Bros.*, 960 S.W.2d 343, 352 (Tex. App.-Corpus Christi 1997), *pet. denied per curiam*, 989 S.W.2d 360 (Tex.1998). In order for a court to enforce a contract, the

---

**3.** We note that in their reply to appellant's response to their motion for summary judgment, appellees assert that appellant has failed to identify a misrepresentation that was false when made. However, appellees cannot rely on their reply to appellant's response to provide the requisite specificity required by a rule 166a(i) motion. *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 4 (Tex.App.-San Antonio 2000, pet. denied) (citing *McConnell v. South-side Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993)); *Michael v. Dyke*, 41 S.W.3d 746, 751 n. 3 (Tex.App.-Corpus Christi 2001, no pet.); *see also* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 54 BAYLOR L.REV. 1, 8–9 (2002). Appellees' assertion that appellant has failed to identify a misrepresentation that was false when made should have been addressed in a separate rule 166a(i) motion.

parties must agree to the material terms of the contract. *T.O. Stanley Boot Co.*, 847 S.W.2d at 221. To be legally binding, the parties must have a meeting of the minds and must communicate consent to the terms of the agreement. *Smith v. Renz*, 840 S.W.2d 702, 704 (Tex.App.-Corpus Christi 1992, writ denied).

Appellant contends that in addition to his base salary, appellees agreed to pay him a bonus, contingent on the successful outcome of the cases on which he performed legal assistance and investigative services. Appellant asserts that he is unable to establish an exact amount of money owed to him because of the nature of the means by which he was given such bonuses in the past—part cash, part luxury goods, part rent-free housing, and part loans that were forgiven or repaid by appellees. Appellant says that the total value of the bonuses owed to him is "close to … six hundred thousand" for the Tomlinson case and "double the amount of what [he] was supposed to receive in the Tomlinson case" for his work on the Hastings case.

Appellant contends that the summary judgment evidence establishes a course of dealing between the parties that evidences an oral agreement to pay him bonuses for his work on the Tomlinson and Hastings cases. In his affidavit, appellant states that it was common practice for appellees to promise and pay appellant and other employees substantial bonus payments in addition to their salaries for work on specific cases. He says that payments typically were made over a period of months, rather than in one lump sum immediately after the firm received its share of a settlement or judgment. Appellant evidences partial performance of the alleged agreement by his receipt of $25,000, an automobile, and a boat of his choosing as a bonus for the work that he performed on the Tomlinson case. Appellant also presented

relevant portions of the depositions from appellees Albert Huerta, Steve Hastings, and Guy Allison to show that this practice of paying bonuses was consistent with a course of dealing between the parties and other employees over many years.

■■■■■ Viewing the evidence in the light most favorable to appellant, we conclude that any alleged agreement was, at most, a contingent agreement to agree. An agreement to make a future contract is enforceable only if it is specific as to all essential terms, and no terms of the proposed agreement may be left to future negotiations. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex.2000). An agreement to enter into negotiations in the future cannot be enforced because the court has no means to determine what sort of contract the negotiations would have produced. *Central Tex. Micrographics v. Leal*, 908 S.W.2d 292, 296–97 (Tex.App.-San Antonio 1995, no writ). The record here is devoid of any agreement or promise to pay a sum certain to appellant in the future as a bonus for services rendered to appellees. It is undisputed that the amount of any bonus was never determined by the parties. Further, appellees have shown that any alleged agreement to pay their employees a bonus was gratuitous in nature and contingent on the successful outcome of their lawsuits. Because the amount of any bonus was indefinite at the time of the alleged agreement, such amount was open for future negotiation or discretion. It is well-settled law that when an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding on the parties and merely constitutes an agreement to agree. *Fort Worth Indep. Sch. Dist.*, 22 S.W.3d at 846.

We hold that appellees have conclusively established there existed no enforceable oral contract to pay a future sum certain

as a bonus. Accordingly, the trial court did not err in granting summary judgment on appellant's breach-of-contract claim. Appellant's second issue is overruled.

We affirm that part of the trial court's order granting summary judgment on appellant's breach of contract claim. Because appellees' "no-evidence" motion for summary judgment is legally insufficient and because appellees failed to produce any evidence regarding appellant's misrepresentation claim, we reverse that part of the trial court's order granting summary judgment on appellant's claim for misrepresentation. Accordingly, we remand appellant's misrepresentation claim to the trial court for further proceedings.