NUMBER
13-03-676-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

GUADALUPE REYNA,                                                                      Appellant,

                                                             v.

MELISSA ANN LUNA AND LORI LEE LUNA,                                Appellees.

 

 

                     On appeal from the 93rd District
Court

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 

This is a trespass to try title action.  The sole issue on appeal is whether the trial
court erred in granting summary judgment in favor of the appellees.  We affirm.








I.  Facts

 

Appellant,
Guadalupe Reyna, originally owned the 110-acre tract in dispute.  On May 3, 2000, a warranty deed purporting to
convey this property was filed and recorded with the Hidalgo County Clerk.  The deed bore the signature of Reyna as
grantor and stated that for the consideration of $10.00, the property was
transferred to appellees, Melissa Ann Luna and Lori Lee Luna, as grantees.  According to the affidavit of an employee of
Reyna, Jose Cabrerra, which the Lunas attached to their motion for summary
judgment, this transfer occurred during a conference call between Reyna, who
was in Mexico, Guadalupe Reyna, Jr. (Reyna=s son), and
Raul Luna (the father of Melissa Ann and Lori Lee Luna).  In exchange for Reyna=s property,
Raul Luna reportedly paid a total of $80,000 to the AReyna family.@  Raul Luna also allegedly paid $60,000 to the
first lien holder on the property.  
According to the affiant, Guadalupe Reyna, Jr., permissively signed the
deed for Reyna.

Reyna later
filed a trespass to try title action. 
The Lunas filed an answer claiming 
that Raul Luna paid over $100,000 consideration for the property and
that they are the rightful owners of the property.  The Lunas also filed a motion for summary
judgment, attaching a copy of the deed and the Cabrerra affidavit as
evidence.   Reyna filed a response to the
motion for summary judgment alleging that the affidavit was not competent
evidence because it did not address the allegations that the signature on the
deed was forged.








The trial court
granted the motion for summary judgment without specifying the grounds relied
on for its ruling.  The court also
declared that the deed was valid and the Lunas were the rightful owners of the
property.  Reyna appealed the trial court=s granting of
the summary judgment.

II.  Motions for Summary
Judgment 

 

When reviewing
the granting of a motion for summary judgment, the appellate court must first
determine whether the trial court granted the motion on traditional or Ano-evidence@ grounds.  See Hamlett v. Holcomb, 69 S.W.3d 816,
818 (Tex. App.BCorpus Christi 2002, no pet.).  The court must do so to prevent the burden of
proof from being improperly shifted.  Id.
at 819.  In the Lunas= motion for
summary judgment, which otherwise complies with the requirements of a
traditional motion, they state:  AAlso Plaintiff
can not present any evidence to the Court that [the] Deed showing Defendants as
owners was forged.@  However, the motion does not go beyond this
one statement to develop a no-evidence motion for summary judgment on the
grounds of forgery.

The rule in
Texas is well-settled that a party may combine a traditional motion for summary
judgment with a no-evidence motion.  See
Binur v. Jacobo, 135 S.W.3d 646, 650-51(Tex. 2002).  However, a party filing a no-evidence motion
for summary judgment under Rule 166a(i) must fulfill certain specific
procedural requirements.  Tex. R. Civ. P. 166a(i); Meru v.
Huerta, 136 S.W.3d 383, 386 (Tex. App.BCorpus Christi
2004, no pet.); see also Oasis Oil Corp. v. Koch Ref. Co. L.P., 60
S.W.3d 248, 252 (Tex. App.BCorpus Christi
2001, pet denied). 








The Lunas= motion for
summary judgment does not state the elements of the claim as to which there is
no evidence and could only be interpreted as a prescribed Aconclusory@ motion or Ageneral@ no-evidence
challenge.  See Tex. R. Civ. P. 166a cmt.; see also
Meru, 136 S.W.3d at 387 (citing McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 342 (Tex. 1993)).  As we
have held that Awhere a motion for summary judgment does
not strictly comply with the requirements of Rule 166a(i) it will be construed
as a traditional summary judgment,@ we must
construe the entire motion as a traditional motion and review it
accordingly.  See Meru, 136 S.W.3d
at 387 (citing Michael v. Dyke, 41 S.W.3d 746, 750 (Tex. App.BCorpus Christi
2001, pet. denied)).

III.  Standard of Review

The propriety
of a summary judgment is a question of law; therefore, an appellate court
reviews the trial court=s granting of
summary judgment de novo.  Natividad
v. Alexis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); see Ortega v. City Nat=l Bank, 97 S.W.3d
765, 771-72 (Tex. App.BCorpus Christi
2003, no pet.); Mobil Producing Tex. & N.M. v. Cantor, 93 S.W.3d
916, 918 (Tex. App.BCorpus Christi
2002, no pet.).   Summary judgment will
only issue when the movant has shown the right to summary judgment as a matter
of law.  Gibbs v. Gen. Motors Corp.,
450 S.W.2d 827, 828 (Tex. 1970).  To be
entitled to a traditional summary judgment, the movant needs to establish its
entitlement to summary judgment on the issues expressly presented to the trial
court by conclusively establishing all essential elements of its cause of
action or defense as a matter of law.  Tex. R. Civ. P. 166a(c); see Johnson
County Sheriff=s Posse,
Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996); Williams
v. Glash, 789 S.W.2d 261, 264 (Tex. 1990); Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985). 

The summary
judgment proof must establish, as a matter of law, that there is no genuine
issue of fact concerning one or more of the essential elements of the plaintiff=s cause of
action or the defendant=s affirmative
defenses.  See Hermann & Andreas
Ins. Agency, Inc. v. Appling, 800 S.W.2d 312, 315 (Tex. App.BCorpus Christi
1990, no writ). 








IV. Analysis

The Lunas= motion for
summary judgment contains several assertions as to why they should be entitled
to summary judgment.  Specifically, they
contend that the evidence conclusively establishes (a) they paid for the
property, (b) there was no forgery, and (c) the transaction was
authorized.  In support of these
assertions, the Lunas attached as evidence the affidavit of Cabrerra, a former
employee of Reyna, which stated that Reyna authorized his son to sign the deed
for him and that the Luna family gave consideration to the Reyna family, Athus, conveying
[the] property to@ the Lunas.  The Lunas also attached the deed to the
property, which was signed by a AGuadalupe
Reyna.@

In Reyna=s response to
the motion for summary judgment, he simply states that the deed was forged, and
the Cabrerra affidavit did not address the alleged forgery, implying that the
Lunas did not resolve all issues of material fact.  On appeal, Reyna argues that the affidavit is
conclusory, and thus, it is not competent summary judgment evidence.[1] 
An objection that an affidavit is conclusory is an objection to
substance, not to form, and therefore may be raised for the first time on
appeal.  See AMS Constr. Co. v. Warm
Springs Rehab. Found., 94 S.W.3d 152, 156 (Tex. App.BCorpus Christi 2002, no pet.). 








Reyna does not dispute the evidence
presented by the Lunas, which includes the facts that the deed was signed by
Reyna=s son on his father=s behalf and that Raul Luna paid over
$100,000 to both Reyna and a lien holder as consideration for the
property.  These facts have never been
contested.  Reyna=s Aforgery@ argument therefore appears to be a claim that his son was not
actually authorized to sign on his behalf, thus rendering the AGuadalupe Reyna@ signature on the deed a Afake.@  

Reyna=s son=s name was also Guadalupe Reyna, and
according to the summary judgment evidence, he signed the deed not as the owner
but as the authorized agent of his father. 
Reyna=s son may therefore be liable to Reyna or
to the Lunas for inducing confidence in an agency relationship that did not
exist or that did not extend to such acts. 
See Nobles v. Marcus, 533 S.W.2d 923, 926 (Tex. 1976).  However, while the alleged agent may be
culpable for his fraud, by law, this agent has not committed a forgery.  See id.  Accordingly, no forgery claim could have been
properly raised. 








Thus, by presenting evidence of the
signed deed and the consideration paid for the deed, as well as the affidavit
from Reyna=s own employee attesting to the
circumstances in which the deed was signed, the Lunas effectively established
all elements of their claim, and the trial court properly granted their motion
for summary judgment.  See Green v.
Canon, 33 S.W.3d 855, 858 (Tex. App.BHouston [14th Dist.] 2000, pet. denied)
(AIf from the whole instrument a grantor
and grantee can be ascertained, and there are operative words . . . showing an
intention by the grantor to convey title . . . to the grantee, and is signed
and acknowledged by the grantor it is a deed which accomplishes a legally
effective conveyance.@); see also Tex. Prop. Code Ann. ' 5.021 (Vernon 1984).  Furthermore, the Lunas also effectively
established their right to be awarded equitable title to the property, given
that they and their father fully performed their obligations under the
conveyance.  See Neeley v. Intercity
Mgmt. Corp., 623 S.W.2d 942, 951 (Tex. App.BHouston [1st Dist.] 1981, no writ) (A[A] plaintiff in a trespass to try title suit may recover on the
strength of an equitable title as well as a legal one."); see also
White v. Hughs, 867 S.W.2d 846, 849 (Tex. App.BTexarkana 1993, no writ)
("Equitable title may be shown when the plaintiff proves that he has paid
the purchase price and fully performed the obligations under the contract.@). 
As no forgery claim could be legally raised under the facts as
presented, we conclude there was no unresolved genuine issue of material fact
remaining, and the trial court did not err by granting summary judgment in
favor of the Lunas.  

V.  Conclusion

The judgment of the trial court is
affirmed.

 

                                                                                                                              Rogelio Valdez,

Chief Justice

 

Memorandum
Opinion delivered and filed

this 13th
day of October, 2005.











[1]Reyna also asserts that Athe entire affidavit is tainted by
hearsay evidence,@ and therefore the affidavit is
inadmissible.  While we do not address
whether the affidavit was indeed hearsay, we note that the prohibition against
hearsay affidavits is not absolute.  In
other words, otherwise inadmissible hearsay evidence admitted without objection
is not denied probative value merely because it is hearsay.  See Tex.
R. Evid. 802.  In
the absence of an objection, hearsay in an affidavit is competent summary
judgment evidence.  See, e.g.,
Einhorn v. LaChance, 823 S.W.2d 405, 410 (Tex. App.BHouston [1st Dist.] 1992, writ dism=d w.o.j.).  Thus, an objection that an affidavit contains
hearsay is an objection to the form of the affidavit, and it must be made to
the trial court, otherwise it is waived. 
See id.  Reyna did not
object to the alleged hearsay in the affidavit at the trial court; therefore,
he waived his right to appeal this issue. 
See Tex. R. App. P.
33.1.