

IN THE
TENTH COURT OF APPEALS

No. 10-07-00233-CV

JOE L. SANDERS, JR. AND WIFE
KATHY F. SANDERS,

                                                            Appellants

 v.

HOUSEHOLD MORTGAGE SERVICES, INC.
AND MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                                                            Appellees

From the 19th District Court
McLennan County, Texas
Trial Court No. 2005-2618-1

MEMORANDUM OPINION

Joe and Kathy Sanders appeal from the trial court's granting of a summary judgment against them pursuant to Texas Rule of Civil Procedure 166a. TEX. R. CIV. PROC. 166a. We affirm.

The order the Sanderses appeal from is entitled "Order Granting Defendant's Motion for Summary Judgment." Household Mortgage Services, Inc. and Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "Household") filed two

separate motions for summary judgment. One was a traditional motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(b). TEX. R. CIV. PROC. 166a(b). The other motion was a no-evidence motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(i). TEX. R. CIV. PROC. 166a(i). The trial court's order is unclear as to which of Household's two motions for summary judgment the court granted; therefore, the trial court's judgment will be upheld if any theory is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *Larsen v. Carlene Langford & Assocs., Inc.*, 41 S.W.3d 245, 249 (Tex. App.—Waco 2001, pet. denied); *Thomas v. Carpet Mills of America*, 156 S.W.3d 681, 683 (Tex. App.—Dallas, 2005, no pet.).

*Standard of Review*

*No-evidence Summary Judgment*

A no-evidence summary judgment is treated as essentially a pretrial directed verdict. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). After an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* TEX. R. CIV. P. 166a(i); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682-83 (Tex. App.—Dallas 2000, no pet.). A party should not move for no-evidence summary judgment based on an affirmative defense that it has the burden to prove at trial. *See Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The moving party must file a motion that specifies which elements of the nonmoving party's claim lack supporting evidence. TEX. R. CIV. P. 166a(i). Once a proper motion is filed, the

burden shifts to the nonmoving party to present evidence raising any issues of material fact. *Murray v. Ford Motor Co.*, 97 S.W.3d 888, 890-91 (Tex. App.—Dallas 2003, no pet.). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

A no-evidence summary judgment is properly granted if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the non-movant's claim on which the non-movant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

### Did the order properly dispose of all issues between the parties?

The Sanderses' first issue and second issue are closely related so we will address them together. First, the Sanderses complain that the no-evidence motion for summary judgment did not dispose of all issues and therefore the order granting a summary judgment that all causes of action between the parties were dismissed with prejudice was improper. Second, the Sanderses complain that they produced sufficient summary judgment evidence to raise a fact issue on their fraud and claim of title causes of action.

The Sanderses' petition alleges a breach of contract, fraud, usury, and prays for a declaration that the Sanderses' debt be discharged in full as to Household due to their usurious conduct. In order to determine whether the trial court's decision may be upheld, we must consider each separate cause of action and the factual history of the parties.

*Factual history*

The Sanderses entered into a contract with Household to finance their residence in 2000. This contract required the Sanderses to pay their property taxes directly to each taxing authority. The Sanderses did not make these payments for the years 2001 and 2002. The Sanderses were sued by the La Vega Independent School District in 2002 for delinquent taxes. The trial court granted judgment for the school district and ordered that the property be sold by foreclosure. The property was foreclosed on May 6, 2003 to a third party. The property was conveyed back to Household by the third party on October 29, 2003. These facts are not in dispute and the Sanderses do not challenge the validity of the tax foreclosure sale.

The Sanderses allege that Household agreed to pay their property tax delinquency by adding it to their house note whereby they would repay the amount over three years. The Sanderses further allege that Household began billing them at a higher rate on May 6, 2003, and that they made the higher payments. These allegations form the basis for the Sanderses claim for relief. Household disputes that there was ever an agreement to pay the property taxes.

*The No-Evidence Motion for Summary Judgment*

The no-evidence motion as filed by Household challenges the evidence regarding whether Household entered into an agreement with the Sanderses to add the back taxes to the mortgage payments; whether Household was to pay the past due taxes; whether a breach of contract would exist if there was no agreement; and whether Household's conduct was usurious.

*Breach of Contract*

To establish a claim for breach of contract, the Sanderses must first establish the existence of a valid contract. *Williams v. First Tenn. Nat'l Corp.*, 97 S.W.3d 798, 802-03 (Tex. App.—Dallas 2003, no pet.); *Coleman v. Revak*, 2008 Tex. App. LEXIS 4608 (Tex. App.—Houston [1st Dist.], 2008, no pet.). The question of whether an alleged agreement constitutes an enforceable contract is generally a question of law. *See Meru v. Huerta*, 136 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2004, no pet.).

The elements of a valid and enforceable contract are: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *See Hubbard v. Shankle*, 138 S.W.3d 474, 481 (Tex. App.—Fort Worth 2004, pet. denied). The necessary elements of both written and oral contracts are the same and must be present for a contract to be binding. *Id*.

A contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook. *See Meru*, 136 S.W.3d at 390. If the agreement upon which the plaintiff relies is so indefinite as to make it impossible for

the court to determine the legal obligations and liabilities of the parties, it is not an enforceable contract. *Id*. Furthermore, to be legally binding, the parties must have a meeting of the minds and must communicate consent to the terms of the agreement. *Id*.

In a contract to loan money, which is in essence what the Sanderses claim, the material terms will generally be: the amount to be loaned, maturity date of the loan, the interest rate, and the repayment terms. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992); *Wheeler v. White*, 398 S.W.2d 93, 95 (Tex. 1965). When there is no evidence of a material term of a contract, the contract fails for indefiniteness. *T.O. Stanley*, 847 S.W.2d at 221-222.

The only evidence brought forth by the Sanderses to support an agreement between the Sanderses and Household is the affidavit of Appellant, Kathy Sanders, and an attached billing statement from Household dated November 14, 2003. The tax foreclosure sale took place on May 6, 2003. Household objected to the consideration of the billing statement at the hearing before the trial court; however, they did not seek a ruling on the objection and therefore did not preserve it for purposes of appeal. TEX. R. APP. P. 33.1(a)(2).

The question then becomes whether this evidence is more than a scintilla of probative evidence of an agreement for Household to, in essence, loan the money to the Sanderses to pay the past due taxes by paying them to a third party. Reviewing the evidence presented by the Sanderses in the light most favorable to the Sanderses, we find that the evidence before the trial court does no more than "create a mere surmise or suspicion." *Kindred*, 650 S.W.2d at 63.

The only issues raised in Household's no-evidence summary judgment motion regarding a breach of contract are the existence of an agreement to pay the property taxes or to add the amount to the Sanderses mortgage, without which there would be no breach. There is no evidence as to the interest rate to be charged for this loan of money by Household and only a vague reference of "almost $5,500.00" as the amount to be loaned by Household to pay the taxes. There is no evidence as to when this loan was to take place or that Household even had any knowledge to which taxing authority this sum of money was to be paid.

To defeat a no-evidence summary judgment, the Sanderses would have to put forth probative evidence as to each element to determine the validity of the contract. Even if we accept as true the summary judgment evidence produced by the Sanderses in their response to the motion, we find that the contract is too indefinite to be enforceable. We find that it is not a valid, enforceable contract, and therefore, summary judgment was proper as to the breach of contract cause of action as there is insufficient evidence of an agreement between the Sanderses and Household.

*Fraud*

To prove common law fraud, a plaintiff must establish: (1) the defendant made a material representation; (2) which was false; (3) the defendant made the representation knowing it to be false or made it recklessly as a positive assertion without any knowledge of its truth; (4) the defendant intended that the plaintiff act upon the representation; (5) the plaintiff acted in reliance upon the representation; and (6) suffered injury as a result. *Brush v. Reata Oil & Gas Corp.*, 984 S.W.2d 720, 726 (Tex.

App.—Waco 1998, pet. denied); *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex. 1990)

The Sanderses rely on Texas Business and Commerce Code Section 27.01 which creates a statutory cause of action for fraud in real estate transactions. However, as the Sanderses' claim is not based on the sale of real estate, it does not fall within the purview of Section 27.01. TEX. BUS. & COM. C. § 27.01 (Vernon 2008). *See Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, no pet.). A loan transaction, as this would be, even if secured by land, is not considered to come under the statute. *Id.*

Appellees no-evidence motion for summary judgment contains only a general statement that "Plaintiffs have no competent summary judgment evidence to support their claims that the Defendants actions of the Defendants [sic] were fraudulent…" This is no more than a general reference to the cause of action of fraud, however, in order to preserve this issue for appeal, the Sanderses were required to object to the form of the motion in their written response to the motion or in some other pleading. *Williams v. Bank One*, 15 S.W.3d 110, 117 (Tex. App.—Waco 1999, no pet.). *See Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 773 (Tex. 1978).

Therefore, we must look to each of the common law elements of fraud to determine if the Sanderses produced more than a mere scintilla of evidence for each one. The Sanderses produced no evidence of any kind as to whether a representation was made that the maker knew was false or that it was made recklessly as a positive assertion without any knowledge of its truth. As such, there is no evidence as to one of

the elements of common law fraud.  We cannot say it was error for the trial court to have granted the no-evidence summary judgment as to the cause of action for fraud.

*Usury*

The Sanderses do not complain about the granting of summary judgment regarding usury in their brief on the merits, therefore that issue is waived and not properly before us.  TEX. R. APP. P. 38.1(f).  The cause of action relating to the discharge of the debt by the Sanderses' pleadings requires a finding that Household engaged in usurious conduct.  Since summary judgment was proper on the issue of usury due to waiver, the discharge of the Sanderses' debt cause of action is also waived.[1]  Summary judgment was properly granted on these causes of action.  *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655-656 (Tex. 2001); *Ontiveros v. Flores*, 218 S.W.3d 70 (Tex. 2007).

We find that the summary judgment order did dispose of all claims and was properly granted as to each claim based on Household's no-evidence summary judgment motion.  As such, it is not necessary to address the issue of the traditional motion for summary judgment.  The Sanderses issues number one and two are overruled.

*Redemption by Household*

The Sanderses' third issue deals with whether the no-evidence motion for summary judgment should have been denied because the Sanderses were the owners of the property due to Household's purchase of their residence, which the Sanderses

---

[1] Appellant's original petition avers that "due to the usurious claims of the Defendants the obligation that they have claimed as against the Plaintiffs be fully and completely discharged."

contend constitutes a redemption pursuant to Texas Tax Code Section 34.21. TEX. TAX C. §34.21 (Vernon 2008).

The question of whether a redemption was made by Household would constitute an entirely new cause of action, which is required to be set forth in a pleading pursuant to Texas Rule of Civil Procedure 47. TEX. R. CIV. P. 47. While the response of Household to the Sanderses' response to the motion for summary judgment did not address the issue of redemption, the issue was discussed at some length in the hearing on the summary judgment. The no-evidence motion for summary judgment could not have contemplated an entirely new cause of action that was not pled by the Sanderses.

A petition must give "fair and adequate notice of the facts upon which the pleader bases his claim." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). The Sanderses pleading does not refer in any manner to a redemption by Household.

Generally, pleadings should not be read too restrictively. *Smithkline Beecham v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). "A court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citing *Roark*, 633 S.W.2d at 809). Yet, pleadings must give reasonable notice of the claims asserted. In *Boyles*, for example, the Texas Supreme Court held that a claim for grossly negligent infliction of emotional distress could not reasonably be inferred from allegations of simple negligent infliction of emotional distress. *Id*. In *Smithkline Beecham*, the Texas Supreme Court held that a claim for negligent misrepresentation could not be inferred from allegations of negligence and tortuous

interference because there was no mention of any misrepresentation. By contrast, in *Roark,* the Texas Supreme Court read in allegations against a physician that a child sustained a fractured skull during delivery to assert an action for the negligent use of forceps. *Roark,* 633 S.W.2d at 810. Likewise, an allegation of proximate cause is rather obviously included in an allegation of sole cause because a sole cause must also be a proximate cause. *Gulf, Colo. & S.F. Ry. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963).

This case is more like *Smithkline Beecham* and *Boyles* than *Roark* or *Gulf*. Looking at the entirety of the Sanderses' petition, there simply is no way to infer a claim of redemption in the Sanderses' petition. The Sanderses never amended their petition to add the new cause of action, although it seems to have been the cornerstone of their argument at the motion for summary judgment hearing. We overrule issue number three.

*Conclusion*

Having found no error in the trial court's order granting summary judgment, we affirm the trial court's decision.


                                        TOM GRAY
                                        Chief Justice


Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed July 1, 2009
[CV06]