IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00233-CV

 

Joe L. Sanders, Jr. and Wife 

Kathy F. Sanders,

                                                                                    Appellants

 v.

 

Household Mortgage Services, Inc. 

and Mortgage Electronic 

Registration Systems, Inc.,

                                                                                    Appellees

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2005-2618-1

 



MEMORANDUM  Opinion










 

            Joe and Kathy Sanders appeal from the
trial court’s granting of a summary judgment against them pursuant to Texas
Rule of Civil Procedure 166a.  Tex. R.
Civ. Proc. 166a.  We affirm.

            The order the Sanderses appeal from is
entitled “Order Granting Defendant’s Motion for Summary Judgment.”  Household
Mortgage Services, Inc. and Mortgage Electronic Registration Systems, Inc.
(hereinafter referred to as “Household”) filed two separate motions for summary
judgment.  One was a traditional motion for summary judgment pursuant to Texas
Rule of Civil Procedure 166a(b).  Tex.
R. Civ. Proc. 166a(b).  The other motion was a no-evidence motion for
summary judgment pursuant to Texas Rule of Civil Procedure 166a(i).  Tex. R. Civ. Proc. 166a(i).  The trial
court’s order is unclear as to which of Household’s two motions for summary
judgment the court granted; therefore, the trial court’s judgment will be
upheld if any theory is meritorious.  State Farm Fire & Cas. Co.
v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Larsen v. Carlene Langford
& Assocs., Inc., 41 S.W.3d 245, 249 (Tex. App.—Waco 2001, pet.
denied); Thomas v. Carpet Mills of America, 156 S.W.3d 681, 683 (Tex. App.—Dallas, 2005, no pet.). 

Standard of Review

No-evidence Summary Judgment

A no-evidence
summary judgment is treated as essentially a pretrial directed verdict.  Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  After an
adequate time for discovery has passed, a party without the burden of proof at
trial may move for summary judgment on the ground that the nonmoving party
lacks supporting evidence for one or more essential elements of its claim.  See Tex. R. Civ. P.  166a(i); Espalin v.
Children's Med. Ctr. of Dallas, 27 S.W.3d 675, 682-83 (Tex. App.—Dallas 2000,
no pet.).  A party should not move for no-evidence summary judgment based on an
affirmative defense that it has the burden to prove at trial.  See Nowak
v. DAS Inv. Corp., 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.]
2003, no pet.).  The moving party must file a motion that specifies which
elements of the nonmoving party's claim lack supporting evidence.  Tex. R. Civ. P. 166a(i).  Once a proper motion is filed, the burden shifts
to the nonmoving party to present evidence raising any issues of material fact.
 Murray v. Ford Motor Co., 97 S.W.3d 888, 890-91 (Tex. App.—Dallas
2003, no pet.). We review the evidence in the light most favorable
to the party against whom the summary judgment was rendered.  Johnson v. Brewer & Pritchard,
P.C., 73 S.W.3d 193,
208 (Tex. 2002).

A no-evidence summary judgment is properly granted
if the non-movant fails to bring forth more than a scintilla of probative
evidence to raise a genuine issue of material fact as to an essential element
of the non-movant's claim on which the non-movant would have the burden of
proof at trial.  See Tex. R.
Civ. P. 166a(i);
Merrell Dow Pharms. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  If the
evidence supporting a finding rises to a level that would enable reasonable,
fair-minded persons to differ in their conclusions, then more than a scintilla
of evidence exists.  Havner, 953 S.W.2d at 711.
Less than a scintilla of evidence exists when the evidence is "so weak as
to do no more than create a mere surmise or suspicion" of a fact, and the
legal effect is that there is no evidence.  Kindred v. Con/Chem, Inc.,
650 S.W.2d 61, 63 (Tex. 1983).

Did the order properly dispose of all issues
between the parties?

            The Sanderses’ first issue and second issue are closely related so we
will address them together.  First, the Sanderses complain that the no-evidence
motion for summary judgment did not dispose of all issues and therefore the
order granting a summary judgment that all causes of action between the parties
were dismissed with prejudice was improper.  Second, the Sanderses complain
that they produced sufficient summary judgment evidence to raise a fact issue
on their fraud and claim of title causes of action. 

            The Sanderses’ petition alleges a
breach of contract, fraud, usury, and prays for a declaration that the
Sanderses’ debt be discharged in full as to Household due to their usurious
conduct.  In order to determine whether the trial court’s decision may be
upheld, we must consider each separate cause of action and the factual history
of the parties. 

Factual history

            The Sanderses entered into a contract
with Household to finance their residence in 2000.  This contract required the
Sanderses to pay their property taxes directly to each taxing authority.  The
Sanderses did not make these payments for the years 2001 and 2002.  The
Sanderses were sued by the La Vega Independent School District in 2002 for
delinquent taxes.  The trial court granted judgment for the school district and
ordered that the property be sold by foreclosure.  The property was foreclosed
on May 6, 2003 to a third party.  The property was conveyed back to Household
by the third party on October 29, 2003.  These facts are not in dispute and the
Sanderses do not challenge the validity of the tax foreclosure sale.

            The Sanderses allege that Household
agreed to pay their property tax delinquency by adding it to their house note whereby
they would repay the amount over three years.  The Sanderses further allege
that Household began billing them at a higher rate on May 6, 2003, and that
they made the higher payments.  These allegations form the basis for the
Sanderses claim for relief.  Household disputes that there was ever an
agreement to pay the property taxes.

 

The No-Evidence Motion for Summary Judgment

The no-evidence motion as filed by Household
challenges the evidence regarding whether Household entered into an agreement
with the Sanderses to add the back taxes to the mortgage payments; whether
Household was to pay the past due taxes; whether a breach of contract would
exist if there was no agreement; and whether Household’s conduct was usurious. 


Breach of Contract

            To establish a claim for breach of
contract, the Sanderses must first establish the existence of a valid contract.
 Williams v. First Tenn. Nat'l
Corp., 97 S.W.3d
798, 802-03 (Tex. App.—Dallas 2003, no pet.); Coleman v. Revak,
2008 Tex. App. LEXIS 4608 (Tex. App.—Houston [1st Dist.], 2008, no pet.).  The
question of whether an alleged agreement constitutes an enforceable contract is
generally a question of law.  See Meru v. Huerta, 136 S.W.3d 383,
390 (Tex. App.—Corpus Christi 2004, no pet.). 

The elements of a valid and enforceable contract
are: (1) an offer; (2) an acceptance in strict compliance with the terms of the
offer; (3) a meeting of the minds; (4) each party's consent to the terms; and
(5) execution and delivery of the contract with the intent that it be mutual
and binding.  See Hubbard v. Shankle, 138 S.W.3d 474, 481 (Tex.
App.—Fort Worth 2004, pet. denied).  The necessary elements of both written and
oral contracts are the same and must be present for a contract to be binding. Id.

A contract must be sufficiently definite in its
terms so that a court can understand what the promisor undertook.  See Meru,
136 S.W.3d at 390.  If the agreement upon which the plaintiff relies is so
indefinite as to make it impossible for the court to determine the legal
obligations and liabilities of the parties, it is not an enforceable contract.
 Id.  Furthermore, to be legally binding, the parties must have a
meeting of the minds and must communicate consent to the terms of the
agreement.  Id. 

In a contract to loan money, which is in essence
what the Sanderses claim, the material terms will generally be: the amount to
be loaned, maturity date of the loan, the interest rate, and the repayment
terms.  T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221
(Tex. 1992); Wheeler v. White, 398 S.W.2d 93, 95 (Tex. 1965). 
When there is no evidence of a material term of a contract, the contract fails
for indefiniteness.  T.O. Stanley, 847 S.W.2d at 221-222.  

The only evidence brought forth by the Sanderses
to support an agreement between the Sanderses and Household is the affidavit of
Appellant, Kathy Sanders, and an attached billing statement from Household
dated November 14, 2003.  The tax foreclosure sale took place on May 6, 2003. 
Household objected to the consideration of the billing statement at the hearing
before the trial court; however, they did not seek a ruling on the objection
and therefore did not preserve it for purposes of appeal.  Tex. R. App. P. 33.1(a)(2).  

The question then becomes whether this evidence is
more than a scintilla of probative evidence of an agreement for Household to,
in essence, loan the money to the Sanderses to pay the past due taxes by paying
them to a third party.  Reviewing the evidence
presented by the Sanderses in the light most favorable to the Sanderses, we
find that the evidence before the trial court does no more than “create a mere
surmise or suspicion.”  Kindred, 650 S.W.2d at 63.

The only issues raised in Household’s no-evidence
summary judgment motion regarding a breach of contract are the existence of an
agreement to pay the property taxes or to add the amount to the Sanderses
mortgage, without which there would be no breach.  There is no evidence as to
the interest rate to be charged for this loan of money by Household and only a
vague reference of “almost $5,500.00” as the amount to be loaned by Household
to pay the taxes.  There is no evidence as to when this loan was to take place
or that Household even had any knowledge to which taxing authority this sum of
money was to be paid.

To defeat a no-evidence summary judgment, the
Sanderses would have to put forth probative evidence as to each element to
determine the validity of the contract.  Even if we accept as true the summary
judgment evidence produced by the Sanderses in their response to the motion, we
find that the contract is too indefinite to be enforceable.  We find that it is
not a valid, enforceable contract, and therefore, summary judgment was proper
as to the breach of contract cause of action as there is insufficient evidence
of an agreement between the Sanderses and Household.  

Fraud

            To prove common law fraud,
a plaintiff must establish:  (1) the defendant made a material
representation; (2) which was false; (3) the defendant made the representation
knowing it to be false or made it recklessly as a positive assertion without
any knowledge of its truth; (4) the defendant intended that the plaintiff act
upon the representation; (5) the plaintiff acted in reliance upon the
representation; and (6) suffered injury as a result.  Brush v. Reata Oil
& Gas Corp., 984 S.W.2d 720, 726 (Tex. App.—Waco 1998, pet. denied); Eagle
Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 723 (Tex. 1990)

The Sanderses rely on Texas Business and Commerce
Code Section 27.01 which creates a statutory cause of action for fraud in real
estate transactions.  However, as the Sanderses’ claim is not based on the sale
of real estate, it does not fall within the purview of Section 27.01.  Tex. Bus. & Com. C. § 27.01 (Vernon 2008).  See
Burleson State Bank v. Plunkett, 27 S.W.3d 605, 611 (Tex. App.—Waco
2000, no pet.).  A loan transaction, as this would be, even if secured by land,
is not considered to come under the statute. Id.

Appellees no-evidence motion for summary judgment
contains only a general statement that “Plaintiffs have no competent summary
judgment evidence to support their claims that the Defendants actions of the
Defendants [sic] were fraudulent…”  This is no more than a general reference to
the cause of action of fraud, however, in order to preserve this issue for
appeal, the Sanderses were required to object to the form of the motion in
their written response to the motion or in some other pleading.  Williams v.
Bank One, 15 S.W.3d 110, 117 (Tex. App.—Waco 1999, no pet.).  See
Westchester Fire Ins. Co. v. Alvarez, 576 S.W.2d 771, 773 (Tex. 1978).  

Therefore, we must look to each of the common law
elements of fraud to determine if the Sanderses produced more than a mere
scintilla of evidence for each one.  The Sanderses produced no evidence of any
kind as to whether a representation was made that the maker knew was false or
that it was made recklessly as a positive assertion without any knowledge of
its truth.  As such, there is no evidence as to one of the elements of common
law fraud.  We cannot say it was error for the trial court to have granted the
no-evidence summary judgment as to the cause of action for fraud.

Usury

The Sanderses do not complain about the granting
of summary judgment regarding usury in their brief on the merits, therefore
that issue is waived and not properly before us.  Tex. R. App. P. 38.1(f).  The cause of action relating to the
discharge of the debt by the Sanderses’ pleadings requires a finding that
Household engaged in usurious conduct.  Since summary judgment was proper on
the issue of usury due to waiver, the discharge of the Sanderses’ debt cause of
action is also waived.[1] 
Summary judgment was properly granted on these causes of action.  Jacobs v.
Satterwhite,  65 S.W.3d 653, 655-656 (Tex. 2001); Ontiveros v. Flores,
218 S.W.3d 70 (Tex. 2007).

            We find that the summary judgment
order did dispose of all claims and was properly granted as to each claim based
on Household’s no-evidence summary judgment motion.  As such, it is not
necessary to address the issue of the traditional motion for summary judgment. 
The Sanderses issues number one and two are overruled.

Redemption by Household

            The Sanderses’ third issue deals with
whether the no-evidence motion for summary judgment should have been denied
because the Sanderses were the owners of the property due to Household’s
purchase of their residence, which the Sanderses contend constitutes a
redemption pursuant to Texas Tax Code Section 34.21.  Tex. Tax C. §34.21 (Vernon 2008).  

            The question of whether a redemption
was made by Household would constitute an entirely new cause of action, which
is required to be set forth in a pleading pursuant to Texas Rule of Civil
Procedure 47.  Tex. R. Civ. P. 47.  While the
response of Household to the Sanderses’ response to the motion for summary
judgment did not address the issue of redemption, the issue was discussed at
some length in the hearing on the summary judgment.  The no-evidence motion for
summary judgment could not have contemplated an entirely new cause of action
that was not pled by the Sanderses.

            A petition must give "fair and
adequate notice of the facts upon which the pleader bases his claim."  Roark v. Allen, 633 S.W.2d 804, 810 (Tex. 1982).
 The Sanderses  pleading does not refer in any manner to a redemption by
Household.  

Generally, pleadings should not be read too
restrictively.  Smithkline Beecham v. Doe, 903 S.W.2d 347, 354 (Tex. 1995).  “A court should uphold the petition as to a cause of
action that may be reasonably inferred from what is specifically stated, even
if an element of the cause of action is not specifically alleged."  Boyles
v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993) (citing Roark, 633 S.W.2d at 809).  Yet,
pleadings must give reasonable notice of the claims asserted. In Boyles,
for example, the Texas Supreme Court held that a claim for grossly negligent
 infliction of emotional distress could not reasonably be inferred from
allegations of simple negligent infliction of emotional distress.  Id.  In
Smithkline Beecham, the Texas Supreme Court held that a claim for
negligent misrepresentation could not be inferred from allegations of
negligence and tortuous interference because there was no mention of any
misrepresentation.  By contrast, in Roark, the Texas Supreme Court read
in allegations against a physician that a child sustained a fractured skull
during delivery to assert an action for the negligent use of forceps.  Roark,
633 S.W.2d at 810.  Likewise,
an allegation of proximate cause is rather obviously included in an allegation
of sole cause because a sole cause must also be a proximate cause.  Gulf,
Colo. & S.F. Ry. v. Bliss, 368 S.W.2d 594, 599 (Tex. 1963). 

This case is more like Smithkline Beecham
and Boyles than Roark or Gulf.  Looking at the entirety of
the Sanderses’ petition, there simply is no way to infer a claim of redemption
in the Sanderses’ petition.  The Sanderses never amended their petition to add
the new cause of action, although it seems to have been the cornerstone of
their argument at the motion for summary judgment hearing.  We overrule issue
number three.

Conclusion

Having found no error in the trial court’s order
granting summary judgment, we affirm the trial court’s decision.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed July 1, 2009

[CV06]









[1]
Appellant’s original petition avers that “due to the usurious claims of the
Defendants the obligation that they have claimed as against the Plaintiffs be
fully and completely discharged.”